J. Thomas Beckett, USB #5587
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
TBeckett@parsonsbehle.com
BRothschild@parsonsbehle.com
ecf@parsonsbehle.com

*Proposed Attorneys for Marion Energy Inc*

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>MARION ENERGY INC,<br><br>Debtor, | Case No. 13-31632<br><br>Chapter 11<br><br>Judge Joel T. Marker |

**APPLICATION OF DEBTOR MARION ENERGY INC FOR INTERIM
AND FINAL ORDERS AUTHORIZING THE EMPLOYMENT AND
RETENTION OF PARSONS BEHLE & LATIMER AS ATTORNEYS FOR
THE DEBTOR *NUNC PRO TUNC* AS OF THE PETITION DATE**

Marion Energy Inc, debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case respectfully represents and sets forth as follows:

**JURISDICTION**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 327(a), 327 (e) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**RELIEF REQUESTED**

4.      By this application (the "Application"), the Debtor requests entry of interim and final orders, substantially in the form attached hereto as **Exhibit A** and **Exhibit B**, respectively, pursuant to Bankruptcy Code sections 327(a), 327(e) and 328(a), authorizing the Debtor to employ and retain the law firm of Parsons Behle & Latimer ("Parsons Behle") as its counsel, *nunc pro tunc* to the October 31, 2014, (the "Petition Date") on an interim and final basis, in connection with the Debtor's chapter 11 case.

**BACKGROUND**

5.      A detailed description of the Debtor and its business, and the facts and circumstances supporting this Application, are set forth in greater detail in the Declaration of Jeffrey Clarke, Director of Marion Energy Inc, in Support of First Day Motions (the "First Day Declaration") filed contemporaneously herewith and incorporated herein by reference. Additional factual information specific to the Application is set forth in the Declaration of J. Thomas Beckett, Esq., a shareholder of Parsons Behle, attached hereto as **Exhibit C** (the "Beckett Declaration"), and as more fully described below.

**BASIS FOR RELIEF**

**A.      Retention of Parsons Behle**

6.      The Debtor seeks authority pursuant to Bankruptcy Code sections 327(a), 327(e) and 328(a) to employ and retain Parsons Behle as its attorneys in connection with the commencement and prosecution of its chapter 11 case in accordance with the engagement agreement attached as **Exhibit D** hereto (the "Engagement Agreement"), which provides among other things that the Debtor will pay Parsons Behle its normal hourly rates and reimburse expenses from a retainer on a monthly basis.

7.    The Debtor believes that Parsons Behle possesses extensive knowledge and expertise in the areas relevant to this chapter 11 case, and that Parsons Behle is well qualified to represent the Debtor in this chapter 11 case.  In selecting counsel, the Debtor sought attorneys with considerable experience in chapter 11 reorganization cases and other debt restructurings. The Firm's attorneys, specifically J. Thomas Beckett and Brian M. Rothschild, have represented parties in numerous hotly contested bankruptcy matters of significant size, including the chapter 11 cases of Utah 7000 (the Promentory Club) (UCC), Geneva Steel (UCC),Yellowstone Mountain Club (UCC), Washington Mutual, Inc. (UCC), Johns Manville (UCC), Nortel Networks, Inc. (UCC), General Growth Properties, Inc. (UCC), Tribune Co. (bondholders), Apex Oil (post-confirmation debtor), Infinia, Inc. (UCC), Rhodes Homes, Inc. (UCC), Foamex (debtor), Mrs. Fields Famous Brands / TCBY (debtor), McLean Industries (U.S. Lines) (debtor), Finley Kumble (trustee), Cresset Powers Inc. (debtor), Halsey McLean Minor (debtor).

8.    The Debtor respectfully submits that it is necessary and appropriate for them to employ and retain Parsons Behle under section 327(a) to provide services with respect to the Debtor's case under the Bankruptcy Code, including, without limitation, the following services:

(a)    advise the Debtor and take all necessary or appropriate actions at the Debtor's direction with respect to protecting and preserving the Debtor's estate, including the defense of any actions commenced against the Debtor, the negotiation of disputes in which the Debtor is involved, and the preparation of objections to claims filed against the Debtor's estate;

(b)    draft and develop all necessary or appropriate motions, applications, answers, orders, reports, and other papers in connection with the administration of the Debtor's estate on behalf of the Debtor, as Debtor in possession;

(c)    take all necessary or appropriate actions in connection with a plan or plans of reorganization and related disclosure statement(s) and all related documents, and such further actions as may be required in connection with the administration of the Debtor's estate;

(d)    take all necessary or appropriate actions in connection with the proposed refinancing of the Debtor and its operations and all related actions and

preparing such documentation as is necessary to accomplish the recapitalization of the Debtor ; and

(e)    perform and advise the Debtor as to all other necessary legal services in connection with the prosecution of the Debtor's chapter 11 case.

9.    Because of the extensive legal services that may be necessary in this chapter 11 case, the Debtor believes that the employment of Parsons Behle to provide the services described above and such other services as may be necessary for the Debtor is appropriate and in the best interests of the Debtor's estate and its creditors.

10.    In addition, Parsons Behle is intimately familiar with the Debtor's business and non-bankruptcy legal affairs.  Parsons Behle has a long history of representing the Debtor in various matters prior to the Petition Date, including with respect to environmental compliance, litigation, capitalization and finance, employment matters, and general corporate matters.  By this Application, the therefore Debtor also requests authority to continue to employ Parsons Behle to perform such services as Parsons Behle has performed for the Debtor in the past and to perform such non-bankruptcy-related services as are reasonably requested by the Debtor under Bankruptcy Code section 327(e).

11.    It is necessary for the Debtor to employ attorneys under the terms set forth in the Engagement Agreement to render the foregoing professional services.  Parsons Behle has stated its desire and willingness to act in this case and render the necessary professional services as attorneys for the Debtor.

**B.    Disinterestedness of Parsons Behle under Bankruptcy Rule 2019**

12.    To the best of the Debtor's knowledge, the members of, counsel to, and associates of Parsons Behle do not have any connection with, or any interest adverse to, the Debtor, their creditors, or any other party in interest, or their respective attorneys and accountants, except as set forth in the Beckett Declaration.  In addition, to the best of the Debtor's knowledge and

4

information, Parsons Behle has no connection to any employee of the Office of the United States Trustee for the District of Utah (the "U.S. Trustee") or the Office of the Clerk of the United States Bankruptcy Court for the District of Utah.

13.     Based upon the Beckett Declaration, the Debtor submits that Parsons Behle is a "disinterested person," as such term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b).

14.     Parsons Behle has informed the Debtor that Parsons Behle will conduct periodic reviews of its files to ensure that Parsons Behle continues to be a "disinterested person."  In the event the circumstances change from those presented in the Beckett Declaration, Parsons Behle will promptly supplement its disclosure as required by Bankruptcy Rule 2019.

15.     The Debtor firmly believes that Parsons Behle, because of its experience in chapter 11 cases and its prepetition representation of the Debtor, is well qualified and uniquely situated to represent the Debtor's interests and the interests of its estate.  Accordingly, the Debtor believes it will be unduly prejudiced if it is forced to retain counsel other than Parsons Behle in connection with the prosecution of its chapter 11 case, and the Debtor, its estates, and all parties in interest would suffer as a result.

**C.     Compensation**

16.     The Debtor requests that all fees and related costs and expenses incurred by the Debtor on account of services rendered by Parsons Behle in this case be paid as administrative expenses of the estate pursuant to Bankruptcy Code sections 328, 330(a), 331, 503(b), and 507(a)(1).  Subject to this Court's approval, Parsons Behle will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, subject to Bankruptcy Code sections 328(a) and 330.  The current hourly

rates charged by Parsons Behle for professionals and paraprofessionals employed in its offices are provided below:

| Billing Category | Range |
|---|---|
| Partners | $260 - $495 |
| Special Counsel and Counsel | $295 - $450 |
| Associates | $195 - $260 |
| Paraprofessionals | $110 - $155 |

17.    These hourly rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions. Parsons Behle will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above.

18.    The names, positions, and current hourly rates of the Parsons Behle attorneys who may provide services to the Debtor in connection with this chapter 11 case are as follows:

    (a)    J. Thomas Beckett (Partner—Bankruptcy), $465/hour;

    (b)    Brian M. Rothschild (Associate—Bankruptcy), $260/hour;

    (c)    Shane D. Hillman (Partner—Corporate), $295/hour;

    (d)    Matthew D. Cook (Partner—Corporate / Finance), $275/hour;

    (e)    Michael Malmquist (Partner—Environmental / Permitting), $370/hour;

    (f)    Douglas Naftz (Associate—Environmental), $195/hour;

    (g)    Nicole Griffin Farrell (Partner—Litigation), $265/hour;

    (h)    Alissa M. Mellem (Associate—Litigation), $220/hour;

    (i)    Ruth Hackford-Peer (Associate—Litigation), $195/hour; and

    (j)    Marianne Dabel (Paralegal), $155/hour.

19.    In addition to the lawyers named above, it may be necessary for other Parsons Behle professionals in other legal disciplines to provide services to the Debtor during the course of the Debtor's chapter 11 case.

20.     The rates charged by Parsons Behle's professionals in the chapter 11 case are the same as charged to other non-bankruptcy clients and to the Debtor prior to the Petition Date. The Debtor believes that these rates are consistent with market rates for comparable services from comparable professionals.  Parsons Behle will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services described above in accordance with the Engagement Agreement.

21.     The Debtor understand that Parsons Behle is customarily reimbursed for all expenses incurred in connection with the representation of a client in a given matter, including, without limitation, travel expenses, photocopying services, printing, delivery charges, filing fees, postage, and computer research expenses.

22.     The Debtor further understand that Parsons Behle hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, any guidelines established by the U.S. Trustee, and further orders of this Court for all services performed and expenses incurred after the Petition Date.

23.     Pursuant to Bankruptcy Code section 328(a), the Debtor may retain Parsons Behle on any reasonable terms and conditions.  The Debtor submits that reasonable terms and conditions, as set forth in the Engagement Agreement, are those charged by Parsons Behle to the Debtor and other clients on a daily basis in a competitive market.

24.     As set forth in the Beckett Declaration, the Engagement Agreement, and the Debtor's statement of financial affairs, prior to the Petition Date, Parsons Behle received $101,738.67 advanced from the Debtor as compensation for professional services to be performed relating to the commencement and prosecution of this chapter 11 case and for the

reimbursement of reasonable and necessary expenses incurred in connection therewith.  Also

prior to the Petition Date, the Debtor paid all amounts due and owing to Parsons Behle for

prepetition services.  The prepaid funds will be held as an advance payment and applied monthly

to costs and fees (subject to a proposed 20% holdback) subject to periodic interim allowance by

the Court.

## THE REQUIREMENTS OF BANKRUPTCY RULE 6003 ARE SATISFIED

25.     Under Bankruptcy Rule 2014, the Court may authorize the Debtor to employ

professionals.   Bankruptcy Rule 6003, however, requires that the Court wait 21 days before

entering an order finally retaining professionals under Bankruptcy Rule 2014:

> Except to the extent that relief is necessary to avoid immediate and
> irreparable harm, the court shall not, within 21 days after the filing
> of the petition, issue an order granting the following:
>
> (a) an application under Rule 2014 . . . .

Bankruptcy Rule 6003.  Judge Gerber of the United States Bankruptcy Court for the Southern

District of New York reconciled the need for the debtor to be represented from the day the

petition is filed with the language of Bankruptcy Rule 6003:

> To provide for appropriate notice, Fed. R. Bankr. P. 6003(a)
> provides that except to the extent necessary to avoid immediate
> and irreparable harm, an application to retain a professional can't
> be heard in the first 21 days of a case. But in nearly every chapter
> 11 case, counsel for the debtor must begin work from the very day
> the case was filed, and counsel for a creditors' committee must
> begin work immediately after selection. Certainly the first need,
> and often the second, comes within the first 21 days of the case.
> While bankruptcy judges have the power under Rule 6003 to
> approve retentions on an emergency basis, we more commonly
> authorize such counsel to immediately appear and file papers to
> meet their constituency's needs and concerns, and later authorize
> the retentions, after Rule 6003's 21 days have passed, making the
> approval orders nunc pro tunc to the day counsel first did any
> necessary work. Thus retention orders are almost always
> retroactive to some extent.

8

*In re Motors Liquidation Co.*, 438 B.R. 365, 373 n. 23 (Bankr. S.D.N.Y. 2010) (granting application to retain *nunc pro tunc* to the date the need for a committee was identified, which was 5 months before formation of the committee, because such services were necessary prior to the formation of the committee); *see also In re Vero Fashion Outlets, LLC*, 09-31344-EPK, 2009 WL 7199998, at *1 (Bankr. S.D. Fla. Oct. 12, 2009):

> The Court adopts the following procedure for retention of counsel on an interim basis within the first twenty days following commencement of a case. The Court will enter an order approving retention of counsel on an interim basis until a final hearing can be convened, at least twenty days post-petition, after notice to all parties in interest and the United State Trustee. All objections to the retention of counsel will be preserved until the final hearing at which time the Court will review any such objections de novo and determine the merits of the application. This procedure complies with the requirements of Fed. R. Bankr.P. 6003. It also ensures that debtors-in-possession are represented by counsel so that they may fulfill their duties under the Bankruptcy Code during the first twenty days after commencement of a case and until such time as a final hearing on the application for employment can be convened.

*Id*. To comply with Rule 6008(a), the Debtor asks the Court to grant the Application on an interim and final basis because interim relief is necessary to avoid immediate and irreparable harm to the Debtor's estate, and because waiting 21 days after the Petition Date will give all parties in interest the proper notice required by rule 6003. *Id*.

26.     Immediate and irreparable harm exists where the absence of relief would impair a debtor's ability to reorganize or threaten the debtor's future as a going concern. *See e.g., In re Genco Shipping & Trading Ltd.*, 509 B.R. 455, 469 (Bankr. S.D.N.Y. 2014) (finding immediate and irreparable harm if the court failed to grant the motion for post-petition assumption of an executory contract because "the framework for prompt resolution of this case will be removed and the Debtors will be in a free-fall bankruptcy with all those attendant risks.").

27.     In this case, the Debtor, with the assistance of Parsons Behle, is in the midst of

negotiating the terms of financing to recapitalize the Debtor and its business and take out its

secured lender.  Failure to consummate this recapitalization will result in the Debtor losing the

ability to operate as a going concern and would lead to a fire-sale liquidation of the Debtor's

assets with a concomitant loss of value for all of the Debtor's stakeholders.

28.     Parsons Behle is also advising the Debtor and assisting the Debtor to comply with

the Bankruptcy Code and the requirements of the U.S. Trustee related to the Debtor's chapter 11

case.  Failure to comply with the requirements of the Bankruptcy Code in the first 21 days of the

case could result in dismissal and loss of the protections of the automatic stay, with potentially

disastrous consequences for the Debtor and its stakeholders.  Thus, the continuity of Parsons

Behle's services as requested in this Application to Employ Parsons Behle *nunc pro tunc* as of

the Petition Date is necessary to avoid immediate and irreparable harm to the Debtor's estate.

*See, e.g.*, *In re Motors Liquidation Co.*, 438 B.R. 365, 380 (Bankr. S.D.N.Y. 2010).

**NOTICE**

29.     No trustee, examiner, or creditors' committee has been appointed in the Debtor's

chapter 11 case.  The Debtor has provided notice of this Application to (a) the Office of the

United States Trustee for the District of Utah, Attn: Vincent Cameron; (b) counsel for the

Debtor's prepetition secured lender (Castle Lake), Mark Hindley, Esq., Stoel Rives, and (c) the

twenty largest unsecured creditors.  In light of the nature of the relief requested in this

Application, the Debtor respectfully submits that no further notice is necessary.

30.     No prior application for the relief sought in this Application has been made to this

or any other court in connection with this chapter 11 case.

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the

Court enter interim and final orders, substantially in the form attached hereto as **Exhibit A** and

**Exhibit B**, respectively, (a) authorizing the Debtor to retain Parsons Behle as their counsel in

this case, *nunc pro tunc* to the Petition Date and (b) providing the Debtor with such other and

further relief as the Court may deem just, proper, and equitable.


Purchase, New York
Dated October 31, 2014

_____

Karel Louman
Chief Financial Officer
Marion Energy Inc

**<u>Exhibit A</u>**

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF UTAH**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MARION ENERGY INC, | ) | Case No. 14-31632 |
| | ) | |
| Debtor. | ) | Judge Joel T. Marker |
| | ) | |

**INTERIM ORDER AUTHORIZING THE EMPLOYMENT AND**
**RETENTION OF PARSONS BEHLE & LATIMER AS ATTORNEYS FOR**
**THE DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the Application (the "Application")[2] of Marion Energy Inc, as Debtor and Debtor

in possession (the "Debtor"), for entry of an interim order (this "Interim Order") pursuant to

Bankruptcy Code sections 327(a) and 328(a) and Bankruptcy Rules 2014 and 6003(a),

authorizing the Debtor to retain and employ Parsons Behle as its co-counsel, *nunc pro tunc* to the

Petition Date, and upon the Beckett Declaration; and upon consideration of the First Day

Declaration; and it appearing that this Court has jurisdiction to consider the Application pursuant

to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this chapter 11 case and the

Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing

that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper

---

[2] All capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the
Application.

and adequate notice of the Application has been given and that no other or further notice is

necessary; and after due deliberation thereon; and a hearing having been held to consider the

relief requested in the Application; and upon due deliberation on the Application, the record of

the hearing, and all of the proceedings heard before the Court; and any objections to the

Application having been withdrawn or overruled; and the Court having found and determined

that the relief sought in the Application is in the best interests of the Debtor, its estate and

creditors, and all parties in interest; and that granting the relief requested in the Application and

that allowing the Debtor to retain Parsons Behle is necessary to avoid immediate and irreparable

harm to the Debtor and its estate and, therefore, the requirements set forth in Bankruptcy Rule

6003(a) are satisfied; and it appearing that the attorneys of Parsons Behle who will perform

services on behalf of the Debtor in this chapter 11 case are duly qualified to practice before this

Court; and the Court finding, based on the representations made in the Application, the Beckett

Declaration, and the First Day Declaration, that Parsons Behle does not represent any interest

adverse to the Debtor and/or the Debtor's estate with respect to the matters upon which it is to be

engaged, that it is a "disinterested person," as that term is defined in Bankruptcy Code section

101(14), as modified by Bankruptcy Code section 1107(b), that its employment is necessary and

in the best interests of the Debtor's estates, and sufficient cause appearing therefor, it is hereby

ORDERED:

      1.     The employment by the Debtor of Parsons Behle in this case is APPROVED

pursuant to 11 U.S.C. § 327(a), on an interim basis, pending the final hearing as set forth below.

      2.     The employment of Parsons Behle by the Debtor shall be *nunc pro tunc* to the

Petition Date and pursuant to the terms of the Engagement Letter.

3.      Parsons Behle shall apply for compensation and reimbursement of costs pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary rates and charges, as they may be adjusted from time to time, as set forth in its Engagement Agreement with the Debtor for services rendered and costs incurred on behalf of the Debtor.

4.      The Court shall conduct a final hearing on the Application on [date] at [time] at the United States Bankruptcy Court, Frank E. Moss, U.S. Courthouse, 350 South Main Street, Courtroom [no.], Salt Lake City, Utah 84101.

5.      Entry of this Interim Order is without prejudice to the rights of any party in interest to interpose an objection to the Application, and any such objection will be considered on a *de novo* basis at the final hearing.

6.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

---------------------------------------------------*end of document*--------------------------------------------------

**<u>Exhibit B</u>**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF UTAH**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MARION ENERGY INC., | ) | Case No. 14-31632 |
| | ) | |
| Debtor. | ) | Judge Joel T. Marker |
| | ) | |

**FINAL ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF PARSONS BEHLE & LATIMER AS ATTORNEYS FOR THE
DEBTOR, *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the Application (the "Application")[2] of Marion Energy Inc, as Debtor and Debtor

in possession (the "Debtor"), for entry of this final order (this "Final Order") pursuant to

Bankruptcy Code sections 327(a) and 328(a) and Bankruptcy Rules 2014 and 6003(a),

authorizing the Debtor to retain and employ Parsons Behle as its co-counsel, *nunc pro tunc* to the

Petition Date, and upon the Beckett Declaration; and upon consideration of the First Day

Declaration; and it appearing that this Court has jurisdiction to consider the Application pursuant

to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this chapter 11 case and the

Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing

that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper

and adequate notice of the Application has been given and that no other or further notice is

---

[2] All capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the
Application.

necessary; and after due deliberation thereon; and a hearing having been held to consider the relief requested in the Application; and upon due deliberation on the Application, the record of the hearing, and all of the proceedings heard before the Court; and any objections to the Application having been withdrawn or overruled; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtor, its estate and creditors, and all parties in interest; and it appearing that the attorneys of Parsons Behle who will perform services on behalf of the Debtor in this chapter 11 case are duly qualified to practice before this Court; and the Court finding, based on the representations made in the Application, the Beckett Declaration, and the First Day Declaration, that Parsons Behle does not represent any interest adverse to the Debtor and/or the Debtor's estate with respect to the matters upon which it is to be engaged, that it is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), that its employment is necessary and in the best interests of the Debtor's estates, and sufficient cause appearing therefor, it is hereby ORDERED:

1.      The Application to employ Parsons Behle in this case is APPROVED in its entirety pursuant to 11 U.S.C. § 327(a), on a final basis.

2.      The employment of Parsons Behle by the Debtor shall be *nunc pro tunc* to the Petition Date and pursuant to the terms of the Engagement Letter.

3.      Parsons Behle shall apply for compensation and reimbursement of costs pursuant to 11 U.S.C. §§ 330 and 331, at its ordinary rates and charges, as they may be adjusted from time to time, as set forth in its Engagement Agreement with the Debtor for services rendered and costs incurred on behalf of the Debtor.

4.      This Court shall retain jurisdiction to hear and determine all matters arising from

or related to the implementation of this Order.

-----------------------------------------------------*end of document*-----------------------------------------------

**EXHIBIT C**

**Beckett Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| MARION ENERGY INC, | Case No: 14-31632 |
| Debtor, | Judge Joel T. Marker |

## DECLARATION OF J. THOMAS BECKETT

**J. Thomas Beckett**, being duly sworn, deposes and says:

1.        I am an attorney at law licensed in good standing in the States of Utah and New York, and I am a shareholder of the law firm of Parsons Behle & Latimer ("Parsons Behle" or the "Firm").

2.        I am over the age of 18 and competent to testify as to the matters set forth herein.  The facts set forth herein are based upon my personal knowledge or upon client/matter records of Parsons Behle reviewed by me or by an employee of Parsons Behle acting under my supervision and direction.

31.        I submit this Declaration in support of the Application of Debtor Marion Energy Inc (the "Debtor") for Interim and Final Orders Authorizing the Employment and Retention of Parsons Behle & Latimer as Attorneys for the Debtor *Nunc Pro Tunc* as of the Petition Date (the "Application"), filed concurrently herewith, and to make certain disclosures required under Rule 2014 of the Federal Rules of Bankruptcy Procedure.

3.        Parsons Behle maintains its principal offices at One Utah Center, 201 South Main Street, Suite 1800, Salt Lake City, Utah 84111.  Parsons Behle currently employs

4828-5548-5984.4

approximately 130 lawyers in Salt Lake City, Utah; Reno and Las Vegas, Nevada; Boise, Idaho;

Spokane, Washington; Billings, Montana; and Washington, D.C.

4.        I am a graduate of Brown University in Providence, Rhode Island.  I earned

both JD and MBA degrees in 1986 from New York University in New York, New York.  Prior to

joining Parsons Behle in 1989, I was associated with the bankruptcy department of the New

York City law firm of Milbank, Tweed, Hadley & McCloy.  Most of my practice at Parsons

Behle has been related to bankruptcies and financial workouts.

5.        Brian M. Rothschild, an associate of Parsons Behle, is a graduate of the

University of Utah and earned his law degree at the University of Southern California (Order of

the Coif).  Prior to joining Parsons Behle in 2014, Brian was an associate in the financial

restructuring group of Akin Gump Strauss Hauer & Feld LLP in Los Angeles, California, and

also an associate at the bankruptcy boutique Peitzman Weg LLP in Los Angeles, California.

6.        In connection with my responsibilities under Rule 2014 of the Federal Rules of

Bankruptcy Procedure, I caused the identities of the Debtor, the DIP lender, and the Debtor's 20

largest creditors to be run through the Firm's computerized conflict check system.

7.        To the best of my knowledge, Parsons Behle and each of its attorneys are

"disinterested persons," as defined in 11 U.S.C. § 101(14), and neither Parsons Behle nor they

has any connection with the Debtor, its creditors, any other party in interest, their respective

attorneys and accountants, the United States Trustee, or any person employed in the office of the

United States Trustee, or (ii) holds or represents any interest adverse to the Debtor or its estate.

8.        I will continue to monitor the Firm's and my own connections with parties in

interest and our disinterestedness.  If and when any other connections or issues pertaining to dis-

interestedness come to my attention, I will promptly supplement this declaration as required by

2

Bankruptcy Rule 2014.

9.       Parsons Behle hereafter intends to apply to the Court for allowances of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the local rules and orders of this Court (the "Local Rules") for all services performed and expenses incurred on behalf of the Committee.

10.      No promises have been solicited or received by Parsons Behle or any of its employees as to any payment or compensation in connection with these cases other than in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Parsons Behle has no agreement with any other entity to share with such entity any compensation received by Parsons Behle.

*I, J. Thomas Beckett, hereby declare, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.*

Dated: October 31, 2014

/s/ J. Thomas Beckett
J. Thomas Beckett,
Parsons Behle & Latimer

3

# EXHIBIT D

## Engagement Agreement

4828-5548-5984.4

**PARSONS
BEHLE &
LATIMER**

| | A Professional<br>Law Corporation | **J. Thomas Beckett**<br>Attorney at Law |
|---|---|---|
| 201 South Main Street, Suite 1800<br>Salt Lake City, Utah 84111<br>Main  801.532.1234 | | Direct  801.536.6603<br>tbeckett@parsonsbehle.com |

October 31, 2014

<u>Via Email</u>

Karel Louman
Chief Financial Officer
Marion Energy Inc
KLouman@marionenergy.com

     Re:    Engagement of Parsons Behle & Latimer

Dear Mr. Louman

     I am writing to confirm Marion Energy Inc's ("**you**" or "**Marion**") engagement of Parsons Behle & Latimer ("**we**," "**us**," or "**Parsons**") to serve as counsel to Marion in its case under title 11, chapter 11 of the United States Code (the "**Bankruptcy Case**") in the United States District Court for the District of Utah (the "**Bankruptcy Court**").  The services we will provide to you as counsel in the Bankruptcy Case will include the negotiation, structuring, planning, documentation and implementation of a restructuring, recapitalization, reorganization or sale of all or a portion of the assets and/or liabilities of Marion (the "**Restructuring**") and the performance of any and all other legal services as may be reasonably required by the Bankruptcy Code or the Bankruptcy Court or requested by Marion in connection with the Restructuring.  We recognize that this is a challenging time for you and your team and we will put forth our best efforts to support and implement your decisions.  We appreciate your confidence in us.

     The purpose of this letter is to confirm our representation of Marion during the Bankruptcy Case under the following terms.  This engagement letter supersedes all previous agreements between Marion and Parsons.  Parsons' obligations to provide services, is subject to approval by the Bankruptcy Court of Marion's application to retain Parsons under section 327 of the Bankruptcy Code.

     We have conducted a conflict of interest check in connection with the Bankruptcy Case, and have found no known conflicts at this time.  If we determine in the future that a conflict of interest exists, it may preclude our further representation.  Obviously, we will do whatever we can in that event to assist you in obtaining new counsel.  Similarly, if in the future you become aware of any facts that suggest a conflict of interest exists, please call it to our attention promptly.

     I, J. Thomas Beckett, will serve as lead attorney in the Bankruptcy Case and will use the services of such other attorneys and other professionals to handle various aspects of the matter as I

4824-9379-5104.1

October 31, 2014
Page Two

deem appropriate to taking into account the qualifications and experience of such professionals. Brian M. Rothschild, a Parsons associate, will be the primary associate assigned to provide services relating to the Bankruptcy Case.  My current billing rate is $465.00 per hour, and Mr. Rothschild's current billing rate is $260.00 per hour.  Please direct any communication related to the Bankruptcy Case to me or Mr. Rothschild.

During the Bankruptcy Case and subject to Bankruptcy Court approval, Parsons attorneys will also continue to provide services to Marion that Parsons provided prior to the Bankruptcy Case, including services with respect to environmental regulatory compliance, ongoing litigation, employment, and general corporate advice through Parsons attorneys and other professionals at their customary rates.  Parsons may also provide new services to Marion at Marion's request.

Rates are subject to annual and other adjustments.  New rates will apply to work done after your receipt of written notice from Parsons of such changes.  In addition, we will charge Marion for expenses advanced on your behalf or internal charges for administrative services (which may exceed our direct costs).  Advanced costs may include such items as travel expenses, postage, filing, recording, certification and registration fees charged by governmental bodies, transcript charges, and deposition expenses.  Our internal charges typically include such items as long distance telephone tolls, facsimile transmissions, messenger services, overnight courier services, charges for terminal time for computer research, document and media production services, secretarial and legal assistant overtime and charges for photocopying or printing materials sent to the courts, the client, third parties, or required for our use.

In connection with the services provided or to be provided under this engagement letter, Marion has caused to be paid to Parsons an advance payment in the amount of $101,738.67. Marion will make all future payments as described in this letter via wire transfer.  All payments will become the property of Parsons immediately upon receipt and may be used by Parsons at any time without restriction.

During the Bankruptcy Case, Parsons will file applications in the Bankruptcy Court for compensation and reimbursement of costs pursuant to 11 U.S.C. §§ 330 and 331, and in accordance with the guidelines promulgated by the Office of the United States Trustee and any applicable orders of the Bankruptcy Court.  We intend to seek entry of an order of the Bankruptcy Court authorizing Parsons to apply for compensation and reimbursement of expenses on a monthly basis with such holdback for fees pending final approval as the Bankruptcy Court may order.

If such approval is granted, Parsons will bill, and Marion will pay, for services as follows: Parsons will provide Marion with monthly (or more often, in our sole discretion) statements of fees and expenses.  After Marion approves each such statement, Parsons will pay itself from the advance payment amount, subject to whatever "hold-back" the Bankruptcy Court requires.  To the extent that the amount of our fee statement is more than the remaining advance payment amount, you will pay to us the excess amount promptly after bankruptcy court approval of our fee applications.

October 31, 2014
Page Three

When we have completed our services to Marion in connection with the Bankruptcy Case, or any successor engagement, our final statement will reflect the amount, if any, by which the advance payment have exceeded accumulated charges for all of our services, and Parsons will pay that amount to Marion within fifteen (15) business days.

Parsons' standard practice is to bill on a monthly basis, however, we reserve the right to issue bills on a more frequent basis if we determine that the situation so warrants.  This allows our clients to monitor both current and cumulative fees and expenses.  Statements will be sent to you at the above address.  Statements are due within 30 days after receipt, and amounts unpaid over 30 days will accrue interest at the rate of 1% per month.

As previously discussed, Marion agrees to pay all outstanding costs and fees owed to Parsons prior to the filing of the bankruptcy petition.  **Failure to pay all previous amounts due prior to filing the Bankruptcy Case will result in a potential conflict of interest upon filing of the Bankruptcy Case if Parsons becomes Marion's creditor.**  In that situation, Parsons may, and likely would, be unable to represent Marion in the Bankruptcy Case and would be forced to withdraw.

We will provide services of a strictly legal nature, such as rendering legal advice and preparing documents.  It is understood that Marion is not relying on Parsons (i) for business, investment, or accounting decisions, (ii) to investigate the character or creditworthiness of companies or persons with whom Marion may be dealing, or (iii) to advise Marion about changes in the law that might affect Marion outside the scope of our engagement or after the termination of our engagement, unless we are otherwise engaged to monitor new legal developments under a separate engagement agreement.  Our representation will not entail representation of shareholders, officers, directors, and employees of Marion or any of its direct or indirect parents or affiliates.

Please be advised that all documents, records or files, including any electronic documents, records or files, created, stored or that otherwise come into Parsons' possession during, the course of this matter are subject to the Parsons' document retention and destruction policy.  Accordingly, such documents, records or files are subject to destruction eight years after the conclusion of the matter, unless (i) you request possession of such documents, record or files before the documents are scheduled to be destroyed or (ii) you request that such documents, records or files be destroyed earlier.

If these terms are acceptable to you, please execute this letter below and return a copy of it to my attention.  Again, I would like to thank you for retaining Parsons Behle & Latimer to assist you and look forward to continuing a mutually satisfactory relationship.

October 31, 2014
Page Four

Sincerely,

PARSONS BEHLE & LATIMER


J. Thomas Beckett
Attorney at Law


The foregoing letter has been reviewed and the terms herein agreed to me by me this
_____ day of October, 2014

RECEIVED, ACCEPTED AND AGREED:


_____
Karel Louman
Chief Financial Officer
Marion Energy Inc.