J. Thomas Beckett, USB #5587
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
TBeckett@parsonsbehle.com
BRothschild@parsonsbehle.com
ecf@parsonsbehle.com

*Proposed Attorneys for Marion Energy Inc*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>MARION ENERGY INC,<br><br>Debtor, | Case No. 14-31632<br><br>Chapter 11<br><br>Judge Joel T. Marker |

**DEBTOR'S MOTION FOR AN ORDER AUTHORIZING PAYMENT OF CERTAIN PREPETITION (1) WAGES, SALARIES AND OTHER COMPENSATION, (2) EMPLOYEE MEDICAL AND SIMILAR BENEFITS, (3) WITHHOLDINGS FROM EMPLOYEE PAYCHECKS AND RELATED DEDUCTIONS AND PAYMENTS, AND (4) REIMBURSABLE EMPLOYEE EXPENSES**

Marion Energy Inc, (the "Debtor") the above-caption debtor and debtor in possession by and through its undersigned attorneys, hereby moves this Court for an entry of an order, pursuant to sections 105(a), 363(b) and 507(a)(4) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), authorizing the Debtor to pay prepetition wages, salaries, payroll taxes, and employee benefits and related expenses in accordance with their existing policies (the "Motion").  In support of its motion, the Debtor relies upon the Declaration of Jeffrey Clarke, Director of Marion Energy Inc, in Support of First Day Motions (the "First Day

4829-7161-8592.2

Declaration") filed in connection herewith and is incorporated herein by reference, and respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334, and this matter is a core matter pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are Bankruptcy Code sections 105(a), 363(b), and 507(a)(4) and (a)(5).

## RELIEF REQUESTED

3. Pursuant to this Motion, the Debtor seeks authority under sections 105(a), 363(b), and 507(a)(4) and (a)(5) of the Bankruptcy Code to pay certain prepetition obligations to and on behalf of the Debtor's employees. As more fully described below, these prepetition obligations may include, without limitation, (A) amounts owed to the employees for wages and salaries; (B) benefit claims of employees (including, without limitation, medical or life insurance and other miscellaneous benefits) ; (C) federal and state payroll-related taxes, deductions and withholdings in respect to various benefits and fees due to third-party payroll and benefits administrators; (D) reimbursements for typical expenses incurred by employees for travel, lodging, and meals.

**A.     Employee Compensation**

4. As of October 31, 2014, (the "Petition Date"), the Debtor employed ten employees worldwide. In the ordinary course of its business, Marion pays the wages and salaries of all of the Debtor's employees (the "Payroll Obligations"). Employees are paid twice per month on the 15th and the last day of the month, except when a payday falls on a non-business day, in which case the payday is moved forward to the previous business day. The aggregate

gross monthly payroll for all of Debtor's employees is approximately $153,749.58. The Debtor paid all outstanding Payroll Obligations to its employees in the ordinary course of business the day before the Petition Date. Therefore, the Debtor believes that it has no unpaid prepetition Payroll Obligations. Nevertheless, out of an abundance of caution, the Debtor hereby requests authorization to pay any prepetition Payroll Obligations that are due if it should discover any. In addition, in case the Debtor issued any checks to employees prior to the Petition Date on account of the Payroll Obligations, and such checks have not yet been cashed or have not "cleared" the Debtor's bank accounts, the Debtor requests instructions that the Debtor's bank should honor any such checks on account of the Payroll Obligations.

5.  To the extent that these obligations are on account of the Debtor's prepetition Payroll Obligations, the Debtor is seeking authority to pay all the Payroll Obligations in full, including any amount in excess of $11,725 per employee as calculated under Bankruptcy Code section 507 subsections (a)(4) and (a)(5). It is unlikely that any prepetition Payroll Obligations will exceed $11,725 per employee.

**B.    Employee Benefits**

6.  The Debtor offers its employees certain general welfare benefits, including the Prepetition Benefits. The Prepetition Benefits include, without limitation, benefits under medical insurance plans, and an optional life insurance plan. The Prepetition Benefits are an integral and important part of each employee's total compensation package. Interruption of such benefits would seriously disrupt the morale of the employees and would undermine the Debtor's operations. Thus, the Debtor requests authority to pay, from time to time, as and when due, the

4829-7161-8592.2

Prepetition Benefits for the employees and their eligible dependents, as well as certain payments related thereto, pursuant to section 105(a) of the Bankruptcy Code.

7.      The Debtor submits that its continued provision of the Prepetition Benefits is essential to maintaining the valued service and morale of its employees, and, thus, requests authority to take all steps necessary to continue the Prepetition Benefits for its employees.  On average, the Debtor pays approximately $21,968 per month in medical benefits.  These benefits are applied as follows, approximately $18,961.25 monthly to United Health Care and approximately $3,006.78 to Guardian.  These amounts are customarily paid concurrently with the Debtor's payroll so the Debtor believes that there are no amounts due on account of the Prepetition Benefits.  Nevertheless, to the extent that Debtor owes any continuing obligation in the post-petition period for prepetition benefits, the Debtor requests authority to continue making such payments in the ordinary course of its business in the post-petition period.

C.      **Withholding, Related Taxes, and Other Related Third-Party Funds**

8.      Certain of the Prepetition Benefits require employee contributions, which are typically funded through payroll deductions.  In such cases, the Debtor deducts an employee's contribution from the employee's payroll check and subsequently pays those funds, along with any required employer contributions to the appropriate third parties.  The Debtor also routinely and ordinarily makes deductions from the employees' payroll relating to federal, state, and local tax withholdings, employee savings programs, and garnishments.  The Debtor requests authority to pay over to the appropriate parties all such Third-Party Funds in accordance with applicable law and existing company policies and practices.  Such "trust fund taxes" and other Third-Party

4

Funds are generally not considered part of the Debtor's equitable estate, nor can such funds be used for the benefit of the estate or its creditors. 11 U.S.C. § 541(d).

9. On average, the Debtor pays approximately $8,779.88 per month in employer payroll taxes. To the extent that Debtor owes any continuing obligation in the post-petition period for prepetition payroll taxes, the Debtor requests authority to continue making such payments in the ordinary course of its business in the post-petition period.

**D.    Reimbursable Expenses**

10. The Debtor customarily reimburses employees for business expenses incurred in the ordinary course of performing their duties on behalf of the Debtor. The Reimbursement Obligations include, among other amounts, expenses incurred in connection with travel, business-related entertainment, long-distance telephone charges, and various ordinary course expenses that the Debtor's employees incur in performing their jobs. To obtain reimbursement, employees are required to submit an expense report within thirty (30) business days after the completion of a reimbursable expense. Because there may be employees who have incurred business expenses prior to the Petition Date but have not yet submitted an expense report, it is difficult for the Debtor to determine the exact amount outstanding as of the Petition Date. Nevertheless, the Debtor believes such amounts to be nominal if there are any at all.

11. Taking into account the lag period between when expenses are incurred and when reimbursement is sought and ultimately paid, the Debtor recognizes that it may owe reimbursement expenses incurred prepetition. To the extent that Debtor owes any continuing obligation from the prepetition period for Reimbursement Obligations, the Debtor requests

5

authority to continue making such payments in the ordinary course of its business in the post-petition period.

## **BASIS FOR RELIEF**

12. Absent the relief requested herein, the employees and their families will suffer undue hardship because such relief is needed to enable them to meet their financial obligations and maintain their health and well-being. Moreover, if the requested relief is not granted, many of the Debtor's employees may, by necessity, seek other employment alternatives, causing severe disruption and harm to the Debtor's business. The Debtor's ability to preserve its business and assets and to maximize value through this chapter 11 case will be adversely affected if they are unable to retain their dedicated and loyal employees. Accordingly, it is critical that the hardship and disruption caused by the commencement of this chapter 11 case be minimized to preserve morale and to maintain the Debtor's workforce.

13. The Debtor submits that the relief requested in this Motion is critical to its ability to operate its business and is warranted under Bankruptcy Code sections 105(a) and 363(b). Bankruptcy Code section 105(a) authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code.]" 11 U.S.C. § 105(a). The purpose of that section is to permit a bankruptcy court to take whatever action "is appropriate or necessary in aid of the exercise of its jurisdiction." 2 COLLIER ON BANKRUPTCY, ¶ 105.01, at 105-2 (16th ed. rev. 2014). Bankruptcy Code section 363(b)(1) authorizes the trustee to use property of the estate other than in the ordinary course of business after notice or a hearing. 11 U.S.C. § 363(b)(1).

6

4829-7161-8592.2

14. Under Bankruptcy Code section 105(a), courts have authorized debtors to pay prepetition claims where such payment was necessary to ensure that the debtor's business continued uninterrupted, including claims similar to those described herein. In *In re Chateaugay Corp.*, 80 B.R. 279, 281 (S.D.N.Y. 1987), the court stated

> A rigid application of the priorities of § 507 would be inconsistent with the fundamental purposes of reorganization and of the [Code's] grant of equity powers to the bankruptcy courts, which is to create a flexible mechanism that will permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionately . . . [T]he fact that the bankruptcy courts are courts of equity . . . allows exceptions to any strict rules of classifications of claims.

*Id*. at 287–88 (citations omitted); *see also In re Mahalo Energy (USA) Inc.*, 2009 WL 8189271 (E. D. Okla. June 12, 2009).

15. The relief requested in this Motion is supported by the well-established "necessity of payment" rule. *In re Chateaugay Corp.*, 80 B.R. at 281; *In re Gulf Air, Inc.*, 112 B.R. 152, 153 (Bankr. W.D. La. 1989). The "necessity of payment" rule "recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the debtor." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989).

16. Courts have recognized that invocation of the "necessity of payment rule" is particularly appropriate where a debtor's employees must be paid on time to assure their continued service and loyalty during a chapter 11 case. In *Ionosphere*, the court permitted Eastern Air Lines to pay its employees' prepetition wages, salaries, medical benefits and business expense claims. In doing so, the judge relied on his equitable powers under section 105(a) and, in particular, the "necessity of payment rule," recognizing that the debtor had to

7

make the payments to retain its current employees and maintain positive employee morale—two factors which the judge deemed critical to the rehabilitation of an operating debtor. *Id*. (citation omitted).

17. Other courts have also permitted debtors in possession to pay prepetition wage, salary, commission, expense and benefit claims on the grounds that payment of such prepetition claims was necessary to effectuate a successful reorganization. *In re Naartjie Custom Kids, Inc.*, Case No. 14-29666, Docket No. 64, 157 (Bankr. Ut. October 15, 2014) (Interim and Final Order respectively, authorizing payment of prepetition wages, salaries, and related obligations and taxes); *In re Chateaugay*, 80 B.R. 279, 280 (approving bankruptcy court order authorizing debtor to pay certain prepetition wages, salaries, employee reimbursement expenses and benefits, including payments on workers' compensation claims); *In re Revere Copper and Brass Inc.*, orders dated Nov. 3, 1982, and Dec. 3, 1982, Case Nos. 82 B 12073 - 82 B 12086 (PBA), inclusive (Bankr. S.D.N.Y.) (authorizing payment of past and present employees' claims for medical, life, disability and workers' compensation benefits and reimbursement to employees for prepetition business expenses); *In re KDT Industries*, order dated Sept. 16, 1982, Case Nos. 82B 11453 – 82 B 11515 (JL) inclusive and 82 B 11687 – 82 B 11718 (JL) inclusive (Bankr. S.D.N.Y.) (authorizing reimbursement to employees for prepetition travel expenses); *In re Continental Airlines Corp. et al.*, order dated Sept. 29, 1983, No. 83-04019-72-5 (Bankr. S.D. Tex.) (authorizing payment of active employees' prepetition claims for salary, insurance benefits and out-of-pocket expenses and payment of $500,000 toward certain employee insurance claims).

4829-7161-8592.2

18. Furthermore, all or a portion of such claims, if unpaid, may be treated as priority claims under section 507(a)(4) and (a)(5) of the Bankruptcy Code. Those claims would have to be paid, in any event, under a chapter 11 plan. The issue is, thus, one of timing only, and not of payment, and no creditor or stakeholder will be harmed by paying the employees timely.

19. Here, it is essential to the Debtor's ability to continue to operate its business that the employees continue to provide services and that their morale be preserved. To accomplish this, it is essential that the employees be paid without interruption and that the Debtor continues to honor its existing practices, policies, and benefit programs that affect its employees. Such payments are necessary to prevent irreparable harm to employee morale at the very time when their dedication, confidence, and cooperation are most critical to the Debtor's chapter 11 efforts.

20. The Debtor submits that further cause exists for the payment of the Employee Benefits. The Employee Benefit amounts are comprised principally of employee earnings which employees or, in the case of taxes or garnishments, taxing or judicial authorities, have designated for deduction from employee paychecks. The failure to pay these benefits could result in hardship to certain employees. In addition, the Debtor may face inquiries from taxing authorities and garnishors regarding its failure to submit, among other things, taxes and child support and alimony payments which are not the Debtor's property, but rather have been withheld from employee paychecks. Moreover, if the Debtor cannot remit these amounts, the affected employees may face legal action due to the Debtor's failure to submit these payments.

21. Additionally, pursuant to Bankruptcy Rule 6003, the Court may grant relief regarding a motion to pay all or part of a prepetition claim within 21 days after the Petition Date if such relief is necessary to avoid immediate and irreparable harm. As described above, the

9

4829-7161-8592.2

employees are vital to the Debtor's operations. Failure by the Debtor to fulfill its various obligations to employees in the ordinary course of business during the first 21 days of this chapter 11 case would likely cause irreparable damage to the Debtor's business.

22. The Debtor's request for authority to pay the amounts described herein is not to be deemed an assumption or adoption of any agreements or policies provided for such compensation or benefits. The Debtor preserves all of its rights with respect to the assumption or rejection of any executory contracts.

## NOTICE

23. No trustee, examiner, or creditors' committee has been appointed in the Debtor's chapter 11 case. The Debtor has provided notice of this Application to (a) the Office of the United States Trustee for the District of Utah, Attn: Vincent Cameron; (b) counsel for the Debtor's prepetition secured lender (Castle Lake), Mark Hindley, Esq., Stoel Rives, and (c) the twenty largest unsecured creditors. In light of the nature of the relief requested in this Application, the Debtor respectfully submits that no further notice is necessary.

## PRIOR REQUEST FOR RELIEF

24. No previous motion for the relief sought herein has been made to this or to any other court.

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court enter interim and final orders, substantially in the form attached hereto as **Exhibit A** and **Exhibit B**, respectively, authorizing the relief requested herein and such other and further relief as this Court may deem just and proper.

4829-7161-8592.2

DATED October 31, 2014.

        /s/ J. Thomas Beckett
J. Thomas Beckett
Brian M. Rothschild
PARSONS BEHLE & LATIMER

4829-7161-8592.2

# EXHIBIT A

**Proposed Interim Order**

4829-7161-8592.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>MARION ENERGY INC,<br><br>Debtor, | Case No. 14-31632<br><br>Chapter 11<br><br>Judge Joel T. Marker |

**PROPOSED INTERIM ORDER AUTHORIZING PAYMENT OF CERTAIN PREPETITION (1) WAGES, SALARIES AND OTHER COMPENSATION, (2) EMPLOYEE MEDICAL AND SIMILAR BENEFITS, (3) WITHOLDINGS FROM EMPLOYEE PAYCHECKS AND RELATED DEDUCTIONS AND PAYMENTS, AND (4) REIMBURSABLE EMPLOYEE EXPENSES**

This matter having come before the Court upon consideration of the Motion of the Debtor, Marion Energy Inc, requesting entry of an interim order, pursuant to sections 105(a), 363(b), and 507(a)(4) and (a)(5) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), authorizing the Debtor to pay the employee claims described in the Motion; and upon consideration of the Declaration of Jeffrey Clarke, President and Chief Executive Officer of Marion Energy Inc, in Support of First Day; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2); and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having determined that the relief requested in

4829-7161-8592.2

the Motion is in the best interests of the Debtor, its estate and creditors; and it appearing that the relief requested is essential to the continued operation of the Debtor's business; and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is GRANTED on an interim basis, pending the final hearing as set forth below.

2. The Debtor is hereby authorized to immediately pay the prepetition Employee amounts in accordance with their customary prepetition practices as more fully set forth in the Motion.

3. The Debtor is authorized to continue its prepetition policies to the extent necessary to comply with the terms of this Interim Order.

4. The Debtor's banks and financial institutions are authorized and directed, when requested in the Debtor's sole discretion, to honor and pay checks or requests for funds transfers for the employee claims described in the Motion, providing that funds are available in the Debtor's accounts to cover such checks and funds transfers, and are authorized to rely on the Debtor's designation of any particular check or funds transfer as approved by this Interim Order.

5. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion or otherwise deemed waived.

6. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Interim Order shall be immediately effective and enforceable upon its entry, (ii) the Debtor is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order, and (iii) the Debtor may, in its discretion and without further delay, take any action and perform any act authorized under this Interim Order.

4829-7161-8592.2

7. Nothing herein shall be deemed an assumption or adoption by the Debtor of any agreements or policies providing for prepetition compensation or benefits to the employees.

8. Nothing in this Interim Order shall impair the Debtor's ability to contest the validity or amount of any employee claim authorized to be paid hereby.

9. The Debtor is hereby authorized and empowered to take such steps and to perform such acts as may be necessary to implement and effectuate the terms of this Interim Order.

10. The Court shall conduct a final hearing on the Application on [date] at [time] at the United States Bankruptcy Court, Frank E. Moss, U.S. Courthouse, 350 South Main Street, Courtroom [no.], Salt Lake City, Utah, 84101.

11. Entry of this Interim Order is without prejudice to the rights of any party in interest to interpose an objection to the Application, and any such objection will be considered on a de novo basis at the final hearing.

12. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Interim Order.

-------------------------------------------------*end of document*-------------------------------------------------

3

## EXHIBIT B

**Proposed Final Order**

4829-7161-8592.2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>MARION ENERGY INC,<br><br>Debtor, | Case No. 14-31632<br><br>Chapter 11<br><br>Judge Joel T. Marker |

**PROPOSED FINAL ORDER AUTHORIZING PAYMENT OF CERTAIN PREPETITION (1) WAGES, SALARIES AND OTHER COMPENSATION, (2) EMPLOYEE MEDICAL AND SIMILAR BENEFITS, (3) WITHOLDINGS FROM EMPLOYEE PAYCHECKS AND RELATED DEDUCTIONS AND PAYMENTS, AND (4) REIMBURSABLE EMPLOYEE EXPENSES**

This matter having come before the Court upon consideration of the Motion of the Debtor, Marion Energy Inc, requesting entry of an order, pursuant to sections 105(a), 363(b), and 507(a)(4) and (a)(5) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), authorizing the Debtor to pay the employee claims described in the Motion; and upon consideration of the Declaration of Jeffrey Clarke, President and Chief Executive Officer of Marion Energy Inc, in Support of First Day Motions; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2); and it appearing that notice of the Motion has been given as set forth in the Motion and that such notice is adequate and no other or further notice need be given; and the Court having determined that the

4829-7161-8592.2

relief requested in the Motion is in the best interests of the Debtor, its estate and creditors; and it appearing that the relief requested is essential to the continued operation of the Debtor's business; and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is GRANTED on a final basis.

2. The Debtor is hereby authorized to immediately pay the prepetition Employee amounts in accordance with their customary prepetition practices, all as more fully set forth in the Motion.

3. The Debtor is authorized to continue its prepetition policies to the extent necessary to comply with the terms of this Order.

4. The Debtor's banks and financial institutions are authorized and directed, when requested in the Debtor's sole discretion, to honor and pay checks or requests for funds transfers for the employee claims described in the Motion, providing that funds are available in the Debtor's accounts to cover such checks and funds transfers, and are authorized to rely on the Debtor's designation of any particular check or funds transfer as approved by this Order.

5. The requirements set forth in Rule 6003(b) of the Federal Rules of Bankruptcy Procedure are satisfied by the contents of the Motion or otherwise deemed waived.

6. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtor is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order, and (iii) the Debtor may, in its discretion and without further delay, take any action and perform any act authorized under this Order.

4829-7161-8592.2

7. Nothing herein shall be deemed an assumption or adoption by the Debtor of any agreements or policies providing for prepetition compensation or benefits to the employees.

8. Nothing in this Order shall impair the Debtor's ability to contest the validity or amount of any employee claim authorized to be paid hereby.

9. The Debtor is hereby authorized and empowered to take such steps and to perform such acts as may be necessary to implement and effectuate the terms of this Final Order.

10. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Final Order.

-------------------------------------------------*end of document*-------------------------------------------------

3