J. Thomas Beckett, USB #5587
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
TBeckett@parsonsbehle.com
BRothschild@parsonsbehle.com
ecf@parsonsbehle.com

*Proposed Attorneys for Marion Energy Inc*

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Case No. 13-31632 |
| MARION ENERGY INC, | Chapter 11 |
| Debtor, | Judge Joel T. Marker |

---

### DEBTOR MARION ENERGY INC'S MOTION FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING PAYMENT OF PREPETITION CLAIMS OF UTILITY PROVIDERS AND (II) DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES

---

Marion Energy Inc, debtor and debtor in possession in the above-captioned chapter 11

case (the "<u>Debtor</u>") respectfully states as follows:[1]

---

[1]  A detailed description of the Debtor and its business, and the facts and circumstances supporting this Application, are set forth in greater detail in the Declaration of Jeffrey Clarke, Director of Marion Energy Inc, in Support of First-Day Motions (Doc. No. 3) (the "<u>First-Day Declaration</u>") filed contemporaneously herewith and incorporated herein by reference.

## JURISDICTION

1.     The United States Bankruptcy Court for the District of Utah (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested herein are Bankruptcy Code sections 105(a) and 366 and rule 9013-1(m) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Utah (the "Local Rules").

## RELIEF REQUESTED

4.     By this motion, the Debtor requests entry of interim and final orders, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (the "Interim Order" and "Final Order," respectively), (a) determining that the Utility Providers (defined below) have been provided with adequate assurance of payment within the meaning of Bankruptcy Code section 366; (b) approving the Debtor's proposed offer of adequate assurance and procedures governing the Utility Providers' requests for additional or different adequate assurance; (c) prohibiting the Utility Providers from altering, refusing, or discontinuing services on account of prepetition amounts outstanding, if any, and on account of any perceived inadequacy of the Debtor's proposed adequate assurance pending entry of the Final Order; (d) authorizing and approving the amount and method by which the Debtors may furnish certain Utility Providers with adequate assurance of payment for postpetition utility services and directing the Utility Providers to continue providing such services pending entry of the Final Order; and (e) scheduling a final hearing on this Motion within 30 days of the Petition Date (the "Final Hearing").

4817-2565-0976.5

## I.    THE PROPOSED ADEQUATE ASSURANCE

5.      Bankruptcy Code section 366 provides that a utility may alter, refuse, or discontinue a chapter 11 debtor's utility service if the utility does not receive from the debtor adequate "assurance of payment" within 30 days from the Petition Date. 11 U.S.C. § 366(b). Section 366(c)(1)(A) defines the phrase "adequate assurance of payment" to mean, among other things, a cash deposit. 11 U.S.C. § 366(c)(1)(A). Accordingly, the Debtor proposes to provide a deposit to each requesting Utility Provider in an amount equal to two weeks' worth of utility service as calculated by the Debtor according to the last historical 52-week period (each, an "Adequate Assurance Deposit"); provided, however, that (a) a request for such deposit is made in writing no later than thirty (30) days after the Petition Date (the "Request Deadline"); (b) such requesting Utility Provider does not already hold a deposit equal to or greater than the Adequate Assurance Deposit (which existing deposit shall be deemed to be the Adequate Assurance Deposit for purposes of this Motion); and (c) such requesting Utility is not currently paid in advance for its services.

6.      The Debtor intends to pay postpetition obligations owed to the Utility Providers in a timely manner.  The Debtor expects that its cash flow from operations, cash on hand, and debtor-in-possession financing will be sufficient to pay postpetition obligations related to its utility service.

7.      The Debtor submits that the Adequate Assurance Deposit, in conjunction with the Debtor's demonstrated ability to pay for future utility services in the ordinary course of business (together, the "Proposed Adequate Assurance"), constitutes sufficient adequate assurance to the

Utility Providers.  If any Utility Provider believes additional assurance is required, that Utility

Provider may request such assurance pursuant to the procedures set forth below.[2]

8.      As a condition of requesting and accepting an Adequate Assurance Deposit, and

absent compliance with the Adequate Assurance Procedures (defined below), the requesting

Utility Provider shall be deemed to have (a) stipulated that the Adequate Assurance Deposit

constitutes adequate assurance of payment of such Utility Provider within the meaning of

Bankruptcy Code section 366, and (b) waived any right to seek additional or different adequate

assurance during the course of these cases.  Likewise, any Utility Provider that does not request

an Adequate Assurance Deposit by the Request Deadline and does not file a Procedures

Objection to opt out of the Adequate Assurance Procedures (as described below) shall be deemed

to have adequate assurance that is satisfactory to it within the meaning of section 366 of the

Bankruptcy Code.

9.      In light of the severe consequences to the Debtor and its operations of any

interruption in services by the Utility Providers, but recognizing the right of the Utility Providers

to evaluate the Proposed Adequate Assurance on a case-by-case basis, the Debtor proposes that

the Court approve and adopt the following procedures (the "Adequate Assurance Procedures").

> (a)     The Debtor will mail a notice of the hearing date and a copy of this motion
> to the Utility Providers on the Utility Service List (defined below) so that
> such motion is received within 14 days of the Final Hearing.

> (b)     If a Utility Provider is not satisfied with the Proposed Adequate Assurance
> and seeks additional assurance of payment in the form of deposits,
> prepayments, or otherwise, it must serve a request (an "Additional

---

[2] The Debtors further request that any Adequate Assurance Deposit pursuant to the procedures
described herein be returned to the Debtors upon the earlier of (a) consensual termination of
services between Utility Provider and Debtors or (b) confirmation of a plan of reorganization, if
not applied or returned earlier.

4

Assurance Request") upon (1) proposed counsel for the Debtor, Parsons Behle & Latimer, 201 S. Main Street, Suite 1800, Salt Lake City, Utah, 84111, Attn: Brian M. Rothschild; and (2) the Office of the United States Trustee for the District of Utah, 405 South Main Street, Suite 300, Salt Lake City, Utah 84111 (collectively, the "Notice Parties").

(c)     Any Additional Assurance Request must (i) be made in writing; (ii) set forth the location(s) for which utility services are provided; (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits; (iv) certify the amount that is equal to one month of utility service it provides to the Debtors, calculated as a historical average over the past 12 months; (v) certify that it currently is not paid in advance for its services; and (vi) explain why the Utility Provider believes the Debtor's Adequate Assurance is not sufficient adequate assurance of future payment.

(d)     Upon the Debtor's receipt of any Additional Assurance Request at the addresses set forth above, the Debtor shall have 21 days from the receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

(e)     The Debtor may resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, including, without limitation, cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtor believes such additional assurance is reasonable.

(f)     If the Debtor determines that the Additional Assurance Request is not reasonable and cannot reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to Bankruptcy Code section 366(c)(3).

(g)     Pending resolution of any such Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

      (h)    The Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Provider that does not make an Additional Assurance Request.

10.    The Utility Providers are forbidden to alter, refuse, or discontinue service on account of any prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance except through the Adequate Assurance Procedures, pending entry of the Final Order.

## SUBSEQUENT MODIFICATIONS

11.    To the extent that the Debtor subsequently identifies additional providers of utility services, the Debtor seeks authority to amend the Utility Service List to add or remove any Utility Provider.  The Debtor further requests that the Interim and Final Orders apply to any such subsequently identified Utility Provider, regardless of when each Utility Provider was added to the Utility Service List.  The Debtor shall have the period specified in the proposed Adequate Assurance Procedures to seek to resolve any subsequently added Utility Provider's Additional Assurance Request by mutual agreement with the Utility Provider without further order of the Court or to schedule a Determination Hearing with the Court to determine the adequacy of assurance of payment with respect to such Utility Provider in accordance with such Adequate Assurance Procedures.

12.    The Debtor requests that all Utility Providers, including subsequently added Utility Providers, be prohibited from altering, refusing, or discontinuing utility services to the Debtor absent further order of the Court.

6

## II.   THE UTILITY PROVIDERS

13.     As set forth in the First-Day Declaration, in the ordinary course of business, the Debtor incurs expenses for electricity, telecommunications, and other similar utility services provided by approximately three utility providers (as such term is used in Bankruptcy Code section 366 , collectively, the "Utility Providers"), a list of which is attached as **Exhibit C** hereto (the "Utility Service List").[3]  On average, the Debtor spends approximately $1,390 each month on utility costs.  As of the Petition Date, the Debtor estimates that only a nominal amount, if any, utility costs are outstanding.

14.     Uninterrupted utility services are essential to the Debtor's ongoing operations and, therefore, to the success of its reorganization.  Indeed, any interruption of utility services, even for a brief period of time, would negatively affect the Debtor's field and office operations, seriously jeopardizing the Debtor's reorganization efforts and, ultimately, recoveries to its stakeholders. It, therefore, is critical that utility services continue uninterrupted during these chapter 11 cases.

### BASIS FOR RELIEF

## III.   THE UTILITY PROVIDERS ARE ADEQUATELY ASSURED OF PAYMENT FOR FUTURE SERVICES

15.     Bankruptcy Code section 366(c)(2) provides that a utility provider may discontinue its services to a debtor if the debtor has not furnished adequate assurance of payment

---

[3] The Debtor has included all known Utility Providers; however, the Debtor reserves the right to supplement the Utility Service List attached as **Exhibit C** hereto, to include any other Utility Provider that may have been unintentionally omitted.  Additionally, the listing of an entity on the Utility Service List is not an admission that such entity is a utility within the meaning of Bankruptcy Code section 366, and the Debtor reserves the right to contest any such characterization in the future.

within 30 days after the petition date. *See* 11 U.S.C. § 366(c)(2). Congress enacted Bankruptcy

Code section 366 to protect debtors from utility service cutoffs upon a bankruptcy filing while

providing utility companies with adequate assurance that the debtors will pay for postpetition

services. *See* H.R. Rep. No. 95-595, at 350 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6306.

Accordingly, Bankruptcy Code section 366 protects debtors by prohibiting utilities from altering,

refusing, or discontinuing services to a debtor solely on account of unpaid prepetition amounts

for a period of 30 days after a chapter 11 filing. At the same time, it protects utilities by

permitting them to alter, refuse, or discontinue service after 30 days if the debtor has not

furnished 'adequate assurance" of payment in a form "satisfactory" to the utility.

16.      Bankruptcy Code section 366(c) also restricts the factors that a court may

consider when determining whether an adequate assurance payment is, in fact, adequate.

Specifically, courts no longer may consider (a) the absence of a security deposit before a debtor's

petition date, (b) a debtor's history of timely payments, or (c) the availability of an

administrative expense priority when determining the amount of a deposit. Notwithstanding

these changes, it does not appear that Congress intended to or did abrogate the bankruptcy

court's ability to determine the amount of adequate assurance necessary or change the

fundamental requirement that assurance of payment must simply be "adequate." *See, e.g., In re*

*DBSI, Inc.*, 405 B.R. 698, 708 (Bankr. D. Del. 2009) ("[g]enerally, adequate assurance is

considered to be something less than an absolute guarantee. The particular facts and

circumstances of each case are evaluated and taken into consideration to determine what

constitutes adequate assurance") (internal quotation marks omitted); *Steinebach v. Tucson Elec.*

*Power Co. (In re Steinebach)*, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("a utility is only

entitled to adequate assurance of payment. Adequate assurance of payment is not, however, absolute assurance").

17.     Thus, while Bankruptcy Code section 366(c) limits the factors a court can consider when determining whether a debtor has provided adequate assurance of payment, it does not limit the court's ability to determine the amount of payment necessary, if any, to provide such adequate assurance.   Instead, Bankruptcy Code section 366(c) gives courts the same discretion in determining the amount of payment necessary for adequate assurance that they previously had under Bankruptcy Code section 366(b).  *Compare* 11 U.S.C. § 366(b) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.") *with* 11 U.S.C. § 366(c)(3)(a) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2).")

18.     In addition, it is well-established that Bankruptcy Code section 366(b) permits a court to find that no adequate assurance payment at all is necessary to provide a utility with adequate assurance of payment.  *See Va. Elec. & Power Co. v. Caldor, Inc. -N. Y.*, 117 F.3d 646, 650 (2d Cir. 1997) ("Even assuming that other security should be interpreted narrowly, . . . bankruptcy court's authority to modify the level of the deposit or other security provided for under § 366(b), includes the power to require no deposit or other security where none is necessary to provide a utility supplier with adequate assurance of payment.") (citations omitted). This principle may be applicable in cases where the debtor has made prepetition deposits or prepayments for services that utilities ultimately will render postpetition. *See* 11 U.S.C. §

366(c)(1)(A)(v) (recognizing a prepayment for postpetition services as adequate assurance). Accordingly, even after the 2005 revisions to Bankruptcy Code section 366, courts continue to have discretion to determine the amount of adequate assurance payments and, where appropriate, to determine that no such payment is necessary.

19.    Finally, Bankruptcy Code section 366(c), like Bankruptcy Code section 366(b), requires only that a utility's assurance of payment be "adequate."  Courts recognize that adequate assurance of performance does not constitute an absolute guarantee of a debtor's ability to pay. *See, e.g., In re Adelphia Bus. Solutions, Inc.,* 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002) ("In determining adequate assurance, a bankruptcy court is not required to give a utility company the equivalent of a guaranty of payment, but must only determine that the utility is not subject to an unreasonable risk of nonpayment for postpetition services."); *see also In re Caldor, Inc.-N.Y,* 199 B.R. 1, 3 (Bankr. S.D.N.Y. 1996) (stating that section 366(b) "does not require an absolute guarantee of payment"), *aff'd sub nom. Va. Elec. & Power Co. v. Caldor, Inc. -N. Y.,* 117 F.3d 646 (2d Cir. 1997).  Courts also have recognized that, in determining the requisite level of adequate assurance, bankruptcy courts should "focus upon the need of the utility for assurance, and to require that the debtor supply *no more than that,* since the debtor almost perforce has a conflicting need to conserve scarce financial resources."  *Va. Elec. & Power Co.,* 117 F.3d at 650 (emphasis in original) (internal citations omitted); *see also In re Penn Cent. Transp. Co.,* 467 F.2d 100, 103-04 (3d Cir. 1972) (affirming bankruptcy court's ruling that no utility deposits were necessary where such deposits likely would "jeopardize the continuing operation of the [debtor] merely to give further security to suppliers who already are reasonably protected").

Accordingly, demands by a Utility Provider for a guarantee of payment should be refused when the Debtors' specific circumstances already afford adequate assurance of payment.

20.     The Debtor submits that the Proposed Adequate Assurance, and the Adequate Assurance Procedures provide more than adequate assurance of future payment.   Furthermore, the Debtor expects that funds from the debtor-in-possession financing and the exit facility will be sufficient to pay their operating costs, including utility costs, as such costs come due.   Moreover, the Debtor has a powerful incentive to stay current on utility obligations because of their reliance on utility services for the operation of their businesses.   These factors, which the Court may (and should) consider when determining the amount of any adequate assurance payments, justify a finding that the Proposed Adequate Assurance and the Adequate Assurance Procedures are more than sufficient to assure the Utility Providers of future payment.

21.     Courts other jurisdictions have approved relief similar to the relief requested here. *See, e.g., In re Amicus Wind Down Corp. (f/k/a Friendly Ice Cream Corp.)*, Case No. 11-13167 (Bankr. D. Del. Oct. 24, 2011) (deeming utilities adequately assured where the debtor established a segregated account containing the aggregate estimated cost for two weeks of utility service); *In re Neb. Book Co.,* No. 11-12005 (Bankr. D. Del. July 21, 2011) (same); *In re L.A. Dodgers LLC,* No. 11-12010 (Bankr. D. Del. July 19, 2011) (same); *In re Ambassadors Int'l, Inc.,* No. 11-11002 (Bankr. D. Del. Apr. 26, 2011) (same); *In re Stallion Oilfield Servs. Ltd.,* No. 09-13562 (Bankr. D. Del. Nov. 16, 2009) (same); *In re Visteon Corp.,* No. 09-11786 (Bankr. D. Del. June 19, 2009) (same); *In re Masonite Corp.,* No. 09-10844 (Bankr. D. Del. Apr. 14, 2009) (same); *In re Portola Packaging, Inc.*, No. 08-12001 (Bankr. D. Del. Sept. 22, 2008) (same); *In re Hines Horticulture, Inc.*, No. 08-11922 (Bankr. D. Del. Sept. 16, 2008) (same); *In re Pierre Foods,*

*Inc.*, No. 08-11480 (Bankr. D. Del. Aug. 13, 2008) (same); *In re ACG Holdings, Inc.*, No. 08-11467 (Bankr. D. Del. Aug. 12, 2008) (same); *In re Tropicana Entm't, LLC*, No. 08-10856 (Bankr. D. Del. May 30, 2008) (same); *In re Supplements LT, Inc. (f/k/a Leiner Health Prods. Inc.)*, No. 08-10446 (Bankr. D. Del. Mar. 13, 2008) (same); *In re Buffets Holdings, Inc.*, No. 08-10141 (Bankr. D. Del. Feb. 28, 2008) (same).[4]

22.      Moreover, if a Utility Provider disagrees with the Debtor's analysis, the Adequate Assurance Procedures will enable the parties to negotiate and, if necessary, seek Court intervention without jeopardizing the Debtor's continuing operations.

## IV.      THE ADEQUATE ASSURANCE PROCEDURES ARE APPROPRIATE

23.      The Court has authority to approve the Adequate Assurance Procedures under Bankruptcy Code section 105(a).  Bankruptcy Code section 105(a) provides that the Court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. 105(a).  The purpose of Bankruptcy Code section 105(a) is "to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction."  2 COLLIER ON BANKRUPTCY ¶ 105.01 (Alan N. Resnick & Henry J. Sommer, eds. 16th ed. rev. 2014) at 105-6.

24.      The proposed procedures are necessary in these chapter 11 cases.  If the proposed procedures are not approved, a Utility Provider could blindside the Debtor by unilaterally deciding on or after the 30th day following the Petition Date that it is not adequately protected and discontinuing service or making an exorbitant demand for payment to continue service.

---

[4] Because of the voluminous nature of the orders cited herein, such orders are not attached to the motion. Copies of these orders are available on request of the Debtor's counsel.

4817-2565-0976.5

Discontinuation of utility service could shut down operations, and any significant disruption of operations could jeopardize these chapter 11 cases.

## WAIVER OF BANKRUPTCY RULE 6004 (A) AND 6004 (H)

25.     Given the nature of the relief requested herein, the Debtor respectfully requests a waiver of (a) the notice requirements under Bankruptcy Rule 6004(a) and (b) the 14-day stay under Bankruptcy Rule 6004(h), to the extent either rule is applicable to avoid irreparable harm to the Debtor and its business.

## NOTICE

26.     The Debtor has provided notice of this motion to: (a) the Office of the United States Trustee for the District of Utah; (b) the entities listed on the Consolidated List of Creditors Holding the 20 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the agents under the Debtors' prepetition secured credit facility; (d) the United States Internal Revenue Service; (e) the Utility Providers on Exhibit C; and (f) any party that may have a particular interest in this Motion, including all parties on the Debtor's mailing matrix.  In light of the nature of the relief requested in this motion, the Debtor respectfully submits that no further notice is necessary.

## NO PRIOR REQUEST

27.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein and in the First-Day Declaration, the Debtor respectfully requests that the Court enter the Interim and Final Orders, substantially in the

13

forms attached hereto as **Exhibit A** and **Exhibit B**, granting the relief requested herein and granting such other and further relief as is just, proper, and equitable.

DATED October 31, 2014.

/s/J. Thomas Beckett

J. Thomas Beckett

PARSONS BEHLE & LATIMER

14

<u>**Exhibit A**</u>

**Proposed Interim Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>MARION ENERGY INC,<br><br>    Debtor, | Case No. 13-31632<br><br>Chapter 11<br><br>Judge Joel T. Marker |

**INTERIM ORDER DETERMINING ADEQUATE
ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES**

Upon the motion (the "<u>Motion</u>")[1] of Marion Energy, Inc., as debtor in possession

("<u>Debtor</u>"), for entry of an interim order (this "<u>Interim Order</u>") pursuant to Bankruptcy Code

sections 105(a) and 366 determining adequate assurance of payment for future utility services, all

as more fully set forth in the Motion and scheduling a final hearing (the "<u>Final Hearing</u>") to

consider entry of the Final Order, all as more fully described in the Motion; and the Court having

jurisdiction to consider this Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being

adequate and appropriate under the particular circumstances; and a hearing having been held to

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the
Motion.

consider the relief requested in the Motion (the "Hearing"); and upon the First-Day Declaration,

the record of the Hearing and all proceedings heard before the Court; and the Court having found

and determined that the relief sought in the Motion is in the best interests of the Debtor's estate,

its creditors and other parties in interest and that the legal and factual bases set forth in the

Motion establish just cause for the relief granted herein; and any objections to the requested

relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient

cause appearing therefor, it is hereby ORDERED:

1.      The Motion is granted on an interim basis to the extent provided herein.

2.      The Debtor shall pay the Adequate Assurance Deposit to Utility Providers that

request the Adequate Assurance Deposit as provided in the Motion following such requests.

3.      The following Adequate Assurance Procedures are approved:

(a)     The Debtor will mail a notice of the hearing date and a copy of this motion
        to the Utility Providers on the Utility Service List (defined below) so that
        such motion is received 14 days before the Final Hearing.

(b)     If a Utility Provider is not satisfied with the Proposed Adequate Assurance
        and seeks additional assurance of payment in the form of deposits,
        prepayments, or otherwise, it must serve a request (an "Additional
        Assurance Request") upon (1) proposed counsel for the Debtor, Parsons
        Behle & Latimer, 201 S. Main Street, Suite 1800, Salt Lake City, Utah,
        84111, Attn:  Brian M. Rothschild; and (2) the Office of the United States
        Trustee for the District of Utah, 405 South Main Street, Suite 300, Salt
        Lake City, Utah 84111 (collectively, the "Notice Parties").

(c)     Any Additional Assurance Request must (i) be made in writing; (ii) set
        forth the location(s) for which utility services are provided; (iii) include a
        summary of the Debtor's payment history relevant to the affected
        account(s), including any security deposits; (iv) certify the amount that is
        equal to one month of utility service it provides to the Debtors, calculated
        as a historical average over the past 12 months; (v) certify that it currently
        is not paid in advance for its services; and (vi) explain why the Utility
        Provider believes the Debtor's Adequate Assurance is not sufficient
        adequate assurance of future payment.

(d)     Upon the Debtor's receipt of any Additional Assurance Request at the addresses set forth above, the Debtor shall have 21 days from the receipt of such Additional Assurance Request (the "Resolution Period") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment.

(e)     The Debtor may resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of future payment, including, without limitation, cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtor believes such additional assurance is reasonable.

(f)     If the Debtor determines that the Additional Assurance Request is not reasonable and cannot reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to Bankruptcy Code section 366(c)(3).

(g)     Pending resolution of any such Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

(h)     The Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Provider that does not make an Additional Assurance Request.

4.      The Utility Providers are forbidden to alter, refuse, or discontinue service on account of any prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance except through the Adequate Assurance Procedures, pending entry of the Final Order.

5.      This Order applies to any subsequently identified Utility Provider, regardless of when each Utility Provider was added to the Utility Service List.

6.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as being approved by this Order.

7.      Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

8.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The Final Hearing on the Motion shall be held on _____,    2014,    at _____:_____ a.m./p.m. Mountain Time.  Any objections or responses to entry of the proposed Final Order shall be filed on or before seven business days before the Final Hearing and served on the Notice Parties.  In the event no objections are timely received, the Court may enter the Final Order without need for the Final Hearing.

10.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11.     The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

----------------------------------------------------*end of document*---------------------------------------------------

**<u>Exhibit B</u>**

**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Case No. 13-31632 |
| MARION ENERGY INC, | Chapter 11 |
| Debtor, | Judge Joel T. Marker |

## FINAL ORDER DETERMINING ADEQUATE
## ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES

Upon the motion (the "Motion")[1] of Marion Energy Inc., as debtor in possession (the

"Debtor"), for entry of a final order (this "Final Order") pursuant to Bankruptcy Code sections

105(a) and 366 determining adequate assurance of payment for future utility services, all as more

fully set forth in the Motion; and the Court having jurisdiction to consider this Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the

Motion and the relief requested therein being a core proceeding pursuant to pursuant to 28

U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and

1409; and due and proper notice of the Motion being adequate and appropriate under the

particular circumstances; and a hearing having been held to consider the relief requested in the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

Motion (the "Hearing"); and upon the First-Day Declaration, the record of the Hearing and all

proceedings had before the Court; and the Court having found and determined that the relief

sought in the Motion is in the best interests of the Debtor's estate, its creditors and other parties

in interest and that the legal and factual bases set forth in the Motion establish just cause for the

relief granted herein; and any objections to the requested relief having been withdrawn or

overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is

hereby ORDERED:

1.      The Motion is granted as set forth herein.

2.      The following Adequate Assurance Procedures are approved:

(a)     If a Utility Provider is not satisfied with the Proposed Adequate Assurance
and seeks additional assurance of payment in the form of deposits,
prepayments, or otherwise, it must serve a request (an "Additional
Assurance Request") upon (1) proposed counsel for the Debtor, Parsons
Behle & Latimer, 201 S. Main Street, Suite 1800, Salt Lake City, Utah,
84111, Attn: Brian M. Rothschild; and (2) the Office of the United States
Trustee for the District of Utah, 405 South Main Street, Suite 300, Salt
Lake City, Utah 84111 (collectively, the "Notice Parties").

(b)     Any Additional Assurance Request must (i) be made in writing; (ii) set
forth the location(s) for which utility services are provided; (iii) include a
summary of the Debtor's payment history relevant to the affected
account(s), including any security deposits; (iv) certify the amount that is
equal to one month of utility service it provides to the Debtors, calculated
as a historical average over the past 12 months; (v) certify that it currently
is not paid in advance for its services; and (vi) explain why the Utility
Provider believes the Debtor's Adequate Assurance is not sufficient
adequate assurance of future payment.

(c)     Upon the Debtor's receipt of any Additional Assurance Request at the
addresses set forth above, the Debtor shall have 21 days from the receipt
of such Additional Assurance Request (the "Resolution Period") to
negotiate with such Utility Provider to resolve such Utility Provider's
request for additional assurance of payment.

(d)     The Debtor may resolve any Additional Assurance Request by mutual
agreement with the Utility Provider and without further order of the Court,
and may, in connection with any such agreement, provide a Utility
Provider with additional adequate assurance of future payment, including,

without limitation, cash deposits, prepayments, and other forms of security, without further order of the Court if the Debtor believes such additional assurance is reasonable.

(e)     If the Debtor determines that the Additional Assurance Request is not reasonable and cannot reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "<u>Determination Hearing</u>") pursuant to Bankruptcy Code section 366(c)(3).

(f)     Pending resolution of any such Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing service to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

(g)     The Proposed Adequate Assurance shall be deemed adequate assurance of payment for any Utility Provider that does not make an Additional Assurance Request.

(h)     The Utility Providers are forbidden to alter, refuse, or discontinue service on account of any prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance except through the Adequate Assurance Procedures.

3.     This Order applies to any subsequently identified Utility Provider, regardless of when each Utility Provider was added to the Utility Service List.

4.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as being approved by this Order.

5.      Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

6.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8.      The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

----------------------------------------------*end of document*-----------------------------------------------

## <u>Exhibit C</u>

**Utility Service List**

| Utility Provider | Address | City | Postal Code | Service |
|---|---|---|---|---|
| Rocky Mountain Power | PO Box 26000 | Portland, OR | 97256 | Electricity |
| Time Warner Business | PO Box 60074 | City of Industry, CA | 91716-0074 | Telecomm/Internet |
| CentraCom | PO Box 7 | Fairview, UT | 84629 | Telecomm |