J. Thomas Beckett, USB #5587
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  801.532.1234
Facsimile:  801.536.6111
TBeckett@parsonsbehle.com
BRothschild@parsonsbehle.com
ecf@parsonsbehle.com

*Proposed Attorneys for Marion Energy Inc*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In re: | Case No. 13-31632 |
|---|---|
| MARION ENERGY INC, | Chapter 11 |
| Debtor, | Judge Joel T. Marker |

**DEBTOR'S EX PARTE MOTION REQUESTING (1) AN EXPEDITED HEARING ON THE FIRST-DAY MOTIONS, (2) SHORTENING OF TIME FOR NOTICE AND OBJECTION TO THE INTERIM RELIEF REQUESTED IN THE FOLLOWING FIRST-DAY MOTIONS OR FINDING THAT NO FURTHER NOTICE IS NECESSARY, AND (3) SCHEDULING A FINAL HEARING ON THE FIRST-DAY MOTIONS WITHIN 30 DAYS**

Marion Energy Inc, the above-captioned debtor and debtor-in-possession (the "Debtor") moves ex parte for an order of the Court (1) granting an expedited hearing on the Debtor's first-day motions, (2) shortening time for notice and objection to the interim relief requested in the first-day motions, and (3) scheduling a final hearing on the first-day motions within 30 days.

4851-3025-0272.1

1.  On October 31, 2014, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtor filed the following motions on the Petition Date:

(a) Application of Debtor Marion Energy Inc for Interim and Final Orders Authorizing the Employment and Retention of Parsons Behle & Latimer As Attorneys for the Debtor *Nunc Pro Tunc* As of the Petition Date and Disclosure Pursuant to Bankruptcy Rule 2016(b);

(b) Debtor Marion Energy Inc's Motion for Interim and Final Orders (1) Authorizing Payment of Prepetition Claims of Utility Providers and (2) Determining Adequate Assurance of Payment for Future Utility Services;

(c) Debtor's Motion for an Order, Authorizing Payment of Certain Prepetition (1) Wages, Salaries and Other Compensation, (2) Employee Medical and Similar Benefits, (3) Withholdings from Employee Paychecks and Related Deductions and Payments, and (4) Reimbursable Employee Expenses;

(d) Debtor's Ex Parte Motion Requesting (1) An Expedited Hearing on the First-Day Motions, (2) Shortening of Time for Notice and Objection to the Interim Relief Requested in the Following First-Day Motions or Finding that No Further Notice Is Necessary, and (3) Scheduling a Final Hearing on the First-Day Motions Within 30 Days;

(e) Debtor's Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 363, and 507 (1) Authorizing Debtor In Possession to Obtain Post-Petition Financing; (2) Granting Liens and Providing Superpriority Administrative Expense Status; (3) Granting Adequate Protection; and (4) Modifying the Automatic Stay

(collectively, the "First-Day Motions").

2.  This First-Day Motions, including this Motion, is based upon the Declaration of Jeffrey Clarke, President and Chief Executive Officer of Marion Energy Inc, in Support of First-day Motions (the "First-Day Declaration") filed contemporaneously herewith and incorporated herein by reference. The First-Day Declaration contains a detailed description of the Debtor and its business, and the facts and circumstances supporting this Motion and the Debtor's chapter 11 case.

## RELIEF REQUESTED

3. Pursuant to Bankruptcy Rules 2002 and 9006(c), by this Motion to Shorten Time, the Debtor requests that the Court shorten the notice period and consider the Motion at a hearing as soon after the Petition Date that counsel may be heard. Accordingly, the Debtor requests that the Court conduct a hearing on the interim relief requested in the First-Day Motions as soon as practicable. A proposed order is attached hereto as **Exhibit A**.

4. The Court's decision to reduce the notice period under Bankruptcy Rule 9006 and grant expedited relief that is sought in the First-Day Motions is critical to the Debtor's business operations and essential for the continued operations of the Debtor's business. Failure to grant the relief requested in the First-Day Motions would impair the Debtor's ability to reorganize and threaten the Debtor's business operations, employees, and the interest of the Debtor's numerous stakeholders.

5. In addition, the Debtor requests that the Court schedule a hearing within 30 days to consider the final relief requested in the First-day Motions.

**A.     The Relief Is Authorized by Rule 9006 and Meets Due Process Requirements**

6. Bankruptcy Rule 9006(c)(1) and (d) authorize a court to reduce the time for a hearing, and allows a party to file an ex parte motion to shorten the time for a hearing. Bankruptcy Rule 9006(c)(1) provides in relevant part:

> **In General.** Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

      7.      Such expedited relief does not violate due process rights even if the motion to shorten time is made ex parte. *In re Gledhill*, 76 F.3d 1070, 1084 (10th Cir. 1996) (holding that the bankruptcy rules allow ex parte motions to shorten time "for cause shown").

## PRIOR REQUEST FOR RELIEF

      8.      No previous motion for the relief sought herein has been made to this or any other Court.

## NOTICE

      9.      Notice of the First-day Motions and this Motion has been given to (a) the Office of the United States Trustee for the District of Utah, (b) counsel for the Debtor's prepetition secured lender (Castlelake), Mark Hindley, Esq., Stoel Rives, and (c) the twenty largest unsecured creditors. Pursuant to Bankruptcy Rule 9006(c)(1), the Court may shorten time with our without notice. Accordingly, no notice of this Motion to Shorten Time has been given. In light of the nature of the relief requested in this Motion, the Debtor respectfully submits that no further notice is necessary.

      WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court enter an Order, substantially in the form attached as Exhibit A hereto (1) scheduling an expedited hearing on the First-day Motions, (2) shortening the time for notice and objection to the interim relief requested in said First-day Motions or finding that no notice is necessary, and (3) scheduling a final hearing on the First-day Motions within 30 days, and (4) granting such other and further relief as this Court may deem just and proper.

DATED this 31st day of October, 2014.

4

        /s/ J. Thomas Beckett

J. Thomas Beckett
Brian M. Rothschild
PARSONS BEHLE & LATIMER

**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>MARION ENERGY INC,<br><br>Debtor, | Case No. 13-31632<br><br>Chapter 11<br><br>Joel T. Marker |

**ORDER GRANTING DEBTOR'S EX PARTE MOTION REQUESTING (1) AN EXPEDITED HEARING ON THE FIRST-DAY MOTIONS, (2) SHORTENING OF TIME FOR NOTICE AND OBJECTION TO THE INTERIM RELIEF REQUESTED IN THE FOLLOWING FIRST-DAY MOTIONS OR FINDING THAT NO FURTHER NOTICE IS NECESSARY, AND (3) SCHEDULING A FINAL HEARING ON THE FIRST-DAY MOTIONS WITHIN 30 DAYS**

The matter before the Court is Ex Parte Motion of the above-captioned debtor (the "Debtor") Requesting (1) an Expedited Hearing on the First-day Motions, (2) Shortening of Time for Notice and Objection to the Interim Relief Requested in the Following First-day Motions or Finding that no Further Notice is Necessary, and (3) Scheduling a Final Hearing on the First-day Motions Within 30 Days (the "Motion"). As demonstrated by the Certificate of Service attached to the Motion, the Motion was properly served on all known parties in interest, on the United States Trustee, and the Debtor's prepetition secured lender, and no further notice of the Motion is required.

4851-3025-0272.1

The Court has reviewed the Motion and applicable law.  For these reasons and for good cause shown;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth below.

2. A hearing to consider the interim relief requested in the first-day motions will be held on November 5, 2014 at [Time] Mountain Time at Courtroom [ ].

3. A hearing to consider final relief requested in the first-day motions will be held on [Date] at [Time] Mountain Time at Courtroom [ ].

Dated this _____ day of _____, 2014



-----------------------------------------------*end of document*----------------------------------------------

2