J. Thomas Beckett, USB #5587
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
TBeckett@parsonsbehle.com
BRothschild@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Marion Energy Inc*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | Case No. 14-31632 |
|---|---|
| MARION ENERGY INC, | Chapter 11 |
| Debtor, | The Honorable Joel T. Marker |

### DEBTOR'S MOTION FOR ORDER DISMISSING CASE PURSUANT TO SECTIONS 105, 349, AND 1112 OF THE BANKRUPTCY CODE

Marion Energy Inc, the above-captioned debtor and debtor in possession (the "Debtor"), hereby moves the court for an order, substantially in the form of Exhibit A hereto, dismissing the above-captioned case pursuant to 11 U.S.C. §§ 105, 349, and 1112, and, in support thereof, respectfully represents as follows:

### BACKGROUND

1.  In the near future, all of the Debtor's assets will be transferred to a purchaser (the "Purchaser"). If the Purchasers are Utah Gas Solutions LLC and Utah Gas Solutions II LLC, affiliates of the Debtor's existing secured lender, TCS II Funding Solutions ("TCS"), then the

1

purchase will be made by a credit bid, and no cash proceeds will result for distribution to unsecured creditors. If the Purchaser is a third party, it is the Debtor's firm expectation that the purchase price will be substantially less than the outstanding balance of TCS's secured loan. Again, in that case, no cash proceeds will be available for distribution to unsecured creditors.

2. After the transfer, there will be no assets in the estate that require administration and no funds in the estate available for distribution to unsecured creditors. Consequently, this case should be dismissed or converted. In the Debtor's and TCS's view, dismissal is favorable to conversion because the Purchaser will require post-closing cooperation that could not easily be provided by a chapter 7 trustee.

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## CASE HISTORY

5. For a history of the case, please refer to the "Background" section of the **JOINT MOTION BY MARION ENERGY AND TCS FOR ORDERS AUTHORIZING (A) THE CREDIT-BID SALE OF SUBSTANTIALLY ALL OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION THEREWITH; AND (C) COMPENSATION OF RIVIERA-ENSLEY ENERGY ADVISORS,** which is being served herewith.

## ESTATE CLAIMS AND WRAP-UP EXPENSES

6. As detailed below, creditors of the Debtor have substantial secured, priority and unsecured claims against the Debtor's estate.

    a. <u>Secured Debt</u>: The Debtor's Schedule D [Docket # 34, page 12 of 39] shows TCS II Funding Solutions as its only secured creditor and holding a disputed secured claim of $34,441,393.64. TCS states that its secured claim is presently no less than $37,937,718 and the Debtor does not dispute that.

    b. <u>Scheduled Priority Claims</u>: The Debtor's Schedule E [Docket # 34, page 13 of 39] shows no priority claims. However, on November 21, 2014, the Internal Revenue Service filed a priority claim (claim #2-1) for $167,153.02.

    c. <u>Unsecured Debt</u>: The Debtor's Schedule F [Docket # 34, pages 15-20 of 39] shows $136,696,017.75 of general unsecured claims. The two largest unsecured creditors are the Debtor's parent, Marion Energy Ltd. ("Marion Parent"), with a $134,024,408.21 claim for money loaned, and KM Custodians Pty Ltd ("KM Custodians"), a holder of approximately 20 percent of the equity ownership of Marion Parent), with a $2,548,953.00 claim for money loaned. Not including the claims of Marion Parent and KM Custodians, the Debtor's Schedule F shows $104,656.50 in unsecured claims.

    d. <u>Claims Registry</u>: The following is a screen-shot of the Debtor's claims registry as of April 5, 2015:

| Claim # | | Amount claimed * | Date filed | Creditor number | Creditor name |
|---|---|---|---|---|---|
| 1-2 | View | $112.73 | 11/21/2014 | 9579857 | Utah State Tax Commission |
| 2 | View | $167,153.02 | 11/21/2014 | 9602137 | Internal Revenue Service |
| 3 | View | $2,439.06 | 12/31/2014 | 9646456 | Treasurer of Beckham County Oklahoma |
| 4 | View | $9,575.92 | 01/02/2015 | 9578902 | Carbon County |
| 5 | View | $19,561.26 | 01/26/2015 | 9684289 | Dept of Interior |
| 6 | View | $187,227.70 | 02/19/2015 | 9579053 | QEP Field Services CO |
| 7 | View | $194,056.00 | 03/04/2015 | 9578984 | Jeffrey Clarke |
| 8 | View | $845,364.07 | 03/04/2015 | 9578996 | Karel Louman |

e. <u>Comparison of Schedules and Claims Registry</u>: None of these proofs of claim make claims that were scheduled by the Debtor in the amounts claimed. Not including the Internal Revenue Services' priority claim, the proofs of claim add about $1,050,000 of unsecured claims against the Debtor's estate.

f. <u>Summary</u>:

   i. <u>Secured</u>: not less than $37,937,718 held by TCS.

   ii. <u>Priority</u>: $167,153.02 held by the IRS.

   iii. <u>Unsecured</u>:

      1. $134,024,408.21 held by the Debtor's parent, Marion Energy Ltd. The Debtor believes there is a good argument that this unsecured claim could be recharacterized as equity.

      2. Approximately $3,700,000 held by all of the Debtor's other unsecured creditors. The Debtor has not analyzed whether any of this debt can be recharacterized, reprioritized, reduced or eliminated.

7. In the present circumstances, the only other source of income or recoveries for the Debtor would be avoidance actions that could be prosecuted economically and successfully against recipients of fraudulent transfers or preferences:

   a. <u>Fraudulent Transfers</u>: The Debtor is not aware of any fraudulent transfer claims it might have against any person.

   b. <u>Preferences</u>:

      i. The Debtor's Statement of Financial Affairs ("SOFA") [Docket # 34, pages 1-14 of 15] shows a total of $1,601,481.92 of payments to vendors within 90 days preceding the Debtor's petition for relief (the "Petition Date"). The SOFA [Docket # 34, page 15 of 15] also shows a total of $861,463.80 to insiders, mostly payroll to Karl Louman and Jeff Clarke, within one year preceding the Petition Date. The Debtor has not considered whether any of these payments are avoidable as preferences, except as follows

      ii. On November 11, 2014, counsel for the Debtor filed the "First Supplemental Declaration of J. Thomas Beckett" [Docket # 34]

(the "Declaration"). In the Declaration, Mr. Beckett disclosed that Parsons Behle & Latimer received $218,649.94 immediately before the Petition Date and that Parsons Behle had applied that payment to four matters for which Parsons Behle had not been paid for eight months. More specifically, Mr. Beckett disclosed that $96,135.50 of that payment was for legal services provided with 30 days of the Petition Date, and $155,334.75 was for legal services provided within 90 days of the Petition Date.

8.    If this case is dismissed, the Debtor has no intention thereafter to pursue any actions to recover preferences or fraudulent transfers under any applicable non-bankruptcy law.

9.    In connection with the sale of the Debtor's assets (described above), the Debtor's secured debt will be reduced (or eliminated), but no cash will be made available for unsecured creditors. Consequently, there would also be no cash available for administrative expenses (including U.S. Trustee fees) except that TCS has agreed to pay those expenses pursuant to the Stipulation.

## ARGUMENT AND AUTHORITY

Section 1112(b)(1) of the Bankruptcy Code provides that

> on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause unless the court determines the appointment under section 1104(a) of a trustee or an examiner is in the best interest of creditors and the estate.

11 U.S.C. § 1112(b)(1).

Here, the Debtor is clearly a party in interest. And it is clearly not in the best interest of creditors and the estate to appoint a trustee or an examiner, as no funds or assets will remain after the transfer referred to above. Here, dismissal, rather than conversion, is in the best interest of creditors for the following reasons:

Douglas Flannery is the only remaining officer or director of the Debtor. He has reviewed, approved and executed the Asset Purchase Agreement ("APA") for which the Debtor is currently seeking authority to enter into from this Court. The APA requires significant "post-closing" cooperation from the Debtor, including (i) the transfer of reclamation and security bonds from the Debtor to the Purchaser, and (ii) the transfer of the status of "field operator" from the Debtor to the Purchaser. Mr. Flannery is willing to provide that cooperation because TCS is willing to support that cooperation pursuant to the Stipulation.

In the Debtor's view, which view is shared by TCS, the post-closing cooperation that is required of the Debtor by the APA could not adequately be provided by a chapter 7 trustee. In their view, therefore, dismissal is in the better interest of the Debtor's estate under 11 U.S.C. § 1112(b)(1).

Finally, in connection with the dismissal of its case, the Debtor seeks an extension of the automatic stay and an express continuation of the Stipulation, both for the purposes of facilitating the orderly transfer of the Debtor's remaining assets to the Purchaser.

## **CONCLUSION**

This case should be dismissed pursuant an order which is substantially in the form of the order attached hereto.

This 6th day of April, 2015.

                                              Respectfully submitted,

                                              PARSONS BEHLE & LATIMER

                                              /s/ J. Thomas Beckett
                                              Counsel to the Debtor

**EXHIBIT "A"**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | Case No. 14-31632 |
|---|---|
| MARION ENERGY INC | Chapter 11 |
| Debtor, | The Honorable Joel T. Marker |

## ORDER DISMISSING CASE

Upon the Motion (the "**Motion**") of Marion Energy Inc, as debtor and debtor in possession (the "**Debtor**"), for entry of an Order (this "**Order**") dismissing this case pursuant to 11 U.S.C. § 1112(b)(2), and upon the Court's consideration of the Motion, the First Day Declaration,[1] and the pleadings and evidence submitted by the parties, and it appearing that the that this Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334; and it appearing that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given, and that no other or further notice is necessary; and a hearing having been held to consider the relief requested in the Motion; and upon due deliberation, the record of the hearing, and all of the proceedings heard before the Court; and no objections to the Motion having been filed; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate

---

[1] All capitalized terms not defined herein have the meaning ascribed to those terms in the Motion.
4831-4515-6387.1

and creditors, and all parties in interest; and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is APPROVED in its entirety under 11 U.S.C. § 1112(b)(2).

2. The above-captioned case is hereby DISMISSED, effective on the date it is entered (the "Effective Date"), as described herein.

3. Approval by this Court of professional fees incurred after the dismissal of this case is not necessary.

4. The automatic stay of 11 U.S.C. § 362(b) shall continue for 120 days after the Effective Date.

5. The Stipulation shall remain in full force and effect for 120 days after the Effective Date.

6. The Debtor, acting by and through Mr. Flannery, may cooperate to the extent required by the APA.

7. Mr. Flannery is authorized and directed to pay all remaining U.S. Trustee fees, pursuant to the Stipulation.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

**[END OF DOCUMENT]**

4831-4515-6387.1