J. Thomas Beckett, USB #5587
Brian M. Rothschild, USB #15316
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
TBeckett@parsonsbehle.com
BRothschild@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Marion Energy Inc*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In re: | Case No. 14-31632 |
|---|---|
| MARION ENERGY INC | Chapter 11 |
| Debtor, | The Honorable Joel T. Marker |

**DEBTOR'S RESPONSE TO ORDER TO SHOW CAUSE**

Marion Energy Inc, the debtor (the "Debtor") in the above-captioned chapter 11 case, hereby responds to the Court's Order to Show Cause [dkt # 170] and respectfully states as follows:

**RESPONSE**

The Court is correct that there has been substantially no activity on the docket of this chapter 11 case since the closing of the sale of the Debtor's assets to its secured creditor, Castlelake L.P. ("Castlelake") on June 1, 2015. However, Debtor's counsel and counsel for Castlelake have had a series of tasks to perform before closing the Debtor's case. These tasks include the following:

1. **Fee Applications.** Debtor's counsel, Parsons Behle & Latimer ("Parsons") has prepared interim and final fee applications for Debtor's professionals. Parsons filed and submitted

two interim applications, which were approved, and it has prepared and filed its final application, and will serve it along with a motion for dismissal if the Debtor's proposed course of action is indicated after the hearing on the Order to Show Cause.

2. **Approval of Fees by Castlelake**. The filing of Parsons' final fee application was delayed because Parsons also needed to resolve with Castlelake the amount of Parsons' fees that Castlelake will pay pursuant to the "Stipulation Regarding DIP Financing, Sale Process, and Related Engagements of Estate Professionals" (dkt. # 78; the "Stipulation"). Under the Stipulation, Castlelake agreed to pay certain of Parsons' fees – *e.g.*, for preparation of sale documents and administration of the case – but not others – *e.g.*, fees for litigating the Debtor's right to file a chapter 11 case or obtain a DIP loan. Sorting through those time entries has taken some time, but the parties have reached an agreement on the amount. Consequently, Parsons' final fee application will be filed contemporaneously with this Response, and it will include the agreement between Castlelake and Parsons about the amount of Parsons' fees and expenses that are compensable. Unfortunately, there is no final resolution of the source of the funds, yet, due to the difficulties described below.

3. **Financial Reporting**. The Debtor has not filed Monthly Operating Reports since May, the last time it had any employees or operating assets. Since the June 1, 2015 sale of substantially all the Debtor's assets to Castlelake, the only financial transactions (other than the asset sale) have been payments of post-petition taxes and minimal operating items. The Debtor has, contemporaneous with this Response, filed a Final Report, which was shared with the Office of the U.S. Trustee and which the Debtor believes provides sufficient information to ensure transparency into the wind-down of the post-sale Debtor. Hiring an outside accountant to create monthly operating reports for the non-operating Debtor covering the time period after the sale

would be, in the Debtor's opinion, a waste of resources with no potential benefit to the estate or its constituencies.

4.      **Overpayment of U.S. Trustee Fees.** The Debtor believes that it may have slightly prospectively overpaid the U.S. Trustee's fees by a few hundred dollars, and the Debtor's remaining consultant, Doug Flannery, is working to provide financial information to the U.S. Trustee to verify the amount of the overpayment. The refund amount will also depend on the date that the case is dismissed.

5.      **Account Reconciliation**. The Debtor has approximately $14,570 in funds in its DIP account, but there are outstanding checks that, if presented, would reduce the account to approximately $4,043. The Debtor is working to contact the payees and determine whether new checks need to be issued or outstanding checks need to be cancelled. There are additional post-petition taxes that must be paid in the approximate amount of $5,000, plus Parsons is owed approximately $16,000 for unpaid fees. The refunds of the U.S. Trustee's fees will add some to the account, but any shortfall will need to be authorized and paid by Castlelake. This process must be completed before Parsons can be paid and the DIP Account closed.

*       *       *

The Debtor believes it is probable that the Debtor will resolve all of these matters before the end of 2015, and will submit an order dismissing the chapter case for the Court to enter as soon as practicable.

Dated   November 13, 2015            /s/ J. Thomas Beckett
                                     J. Thomas Beckett
                                     PARSONS BEHLE & LATIMER
                                     Counsel to the Debtor
                                     Marion Energy Inc

3

## CERTIFICATE OF SERVICE

I hereby certify that, on November 11, 2015, I filed the **DEBTOR'S RESPONSE TO ORDER TO SHOW CAUSE** via this Court's ECF facility which gave notice to the Court and all parties requiring or requesting such notice.

/s/ *J. Thomas Beckett*
J. Thomas Beckett